GEORGE W. SMITH v. HENRY HAYNES.

After a defendant has prosecuted a writ of error, perfected his bond, and had the plaintiffs served with a citation of error, the district court ceases to have jurisdiction over the subject matter, and amendments made subsequent to the perfection of the proceedings in error will not be noticed by the Supreme Court. (Paschal's Dig., Art. 1495, Note 587.)

The judgment was rendered 7th March, 1867. The petition for the writ of error, the bond, and citation were dated March, 1867. The service was made the same day. The amendment was made the 21st of August, 1867. Errors were assigned the 14th of August, 1867, and the transcript filed in the Supreme Court October 28, 1867: *Held*, that no proceedings in the dis-

trict court were within its jurisdiction after the perfecting of the writ of error. (See Burke v. Thomson, 29 Tex., 158; Bishop v. Thomson, 29 Tex., 154.)

Appeal from Ellis. The case was tried before the Hon. John J. Good, one of the district judges.

The suit was upon a note for $1,075, due 1st of January, 1867, dated 30th of March, 1866. There was some plea as to the failure of consideration, but it went behind the note, and related to a note which had been merged into the one upon which suit was brought. The judgment, however, was rendered by agreement that the plaintiff recover $1,092 92, with ten per cent. interest until paid. After a prosecution of the writ of error there were amendments, which are noticed by the court.

*J. W. Ferris,* for plaintiff in error.

No brief for the defendant in error has been furnished the *Reporter.*

Caldwell, J.—Suit was instituted in the court below to the spring term, 1867, on a promissory note for $1,075. The answer came in, and set up a partial failure of consideration for which said note was given. The defendant in error, therefore, amended, and by way of replication admitted the equity set up in the answer of the plaintiff in error. An oral understanding between the parties was then had, which does not appear on the record, by which judgment is entered by "agreement" in favor of defendant in error for $1,092 92. From this judgment a writ of error and supersedeas was sued out and perfected August 5, 1867.

At the succeeding term of the court defendant in error filed a motion to correct an error alleged to have been made in the rendition of the judgment at the preceding term. Plaintiff in error did the like. The latter was overruled, and sustained as to the former. The court then

proceeded to amend the judgment, and thus the record is made to speak, notwithstanding the objections of plaintiff in error: " And by agreement it is ordered, adjudged," &c. ; and judgment follows for $1,175 34.

It will be observed that the writ of error was perfected August 5, prior to the meeting of the fall term of the court, at which term defendant in error filed his motion to reopen and correct the judgment. The only cause assigned being " that said judgment is erroneous."

Admitting that this was sufficient cause—which we cannot—we hold that by virtue of the writ of error the cause was evoked to this court, and as to the district court was *coram non judice.* It could exercise no further jurisdiction over the cause until from here remanded.

Upon sufficient grounds we doubt not that a judgment may be reopened and corrected, but certainly not after the proceedings had been removed to an appellate tribunal. To hold otherwise would be to establish a rule, or rather demolish all rules, and leave the profession, without chart or compass, to ascertain the forum in which their cases would be called.

This view renders it improper to determine the issues raised by assignments of error in the proceedings subsequent to the issuance of writ of error and supersedeas, and confines us to the original judgment as the only subject-matter for review; therefore a mere suggestion of error, contested by opposite counsel, affords no warrant for reopening a judgment. The particular errors must be assigned, that the court may determine.

Plaintiff in error, on the same day, also filed his motion to set aside the judgment, and for cause said, " The note is void. No legal revenue stamp of the United States is affixed," &c., as the law directs.

This would raise a question no less interesting than important, and, were it legitimately before us, would be

promptly met and disposed of.   But it is not so here, and it would trench on legislative ground to discuss in advance of our judgment being legally invoked.

The judgment of the court below is affirmed as to all proceedings had up to the rendition of the judgment at the spring term, 1867, and as to the remainder reversed and dismissed.

ORDERED ACCORDINGLY.