## ADOLPH FLAKE & CO. v. HENRY NUSE ET AL.

1. TENDER—CONDITIONS.—A deed of trust was executed upon two lots to secure two notes. The lots were subsequently sold to different purchasers, each purchaser assuming payment of one note. The purchasers of one of the lots made a payment upon the note assumed by them, and obtained an extension of time for the remainder; after paying interest for awhile, they made a tender of the amount due on the note they had assumed, and demanded a release of the lot they had bought: *Held*, That a tender coupled with demand for a release of the lot, was insufficient, it not being shown that the other note was paid.

2. TENDER.—A tender upon condition which the payor has no right to demand, is not sufficient to stop interest.

APPEAL from Galveston. Tried below before the Hon. William H. Stewart.

July 17, 1878, Adolph Flake and George F. Schneider, Jr., brought suit in the District Court of Galveston against Henry Nuse, residing in Germany, and L. Nuse, of Galveston, to enjoin proceedings under a trust deed, and to have it declared satisfied. A history of the facts litigated is here given, taken from appellants' brief.

On July 2, 1873, Henry Nuse conveyed lots numbers 11 and 12, block number 563, city of Galveston, to Frederika Grothe, *feme-sole*, now Frederika Wilder, wife of John Wilder, she at that time executing two purchase-money notes, each for the sum of $5,000, payable to the order of Henry Nuse, and secured by deed of trust, conveying the property in trust to W. N. Stowe, to secure said notes; "also, that if both said promissory notes are punctually paid at maturity, with accrued interest, then said William N. Stowe, or the holder of said notes, will release said property from this conveyance."

Frederika Grothe subsequently conveyed to Emma Gengler, also *feme-sole*, of and from whom appellants purchased lot number 12, in said block, on the — day of March, 1874, assuming the payment of one of these notes, the subject-

matter of this suit, the other note having been assumed by the vendee of the other lot.

On April 11, 1874, appellants paid on the principal of said note the sum of $2,000, and all interest up to the 7th of May, 1874.

Subsequently, on October 8, 1874, by agreement indorsed on the back of this note, the payment of the balance was extended to October 1, 1877, interest, at 12 per cent., payable quarterly. From the date of this agreement, October 4, 1874, appellants paid the interest according to its terms, quarterly, up to July 1, 1877, at which time they notified L. Nuse, as the agent of his brother Henry, that at the end of the next quarter, to wit, on October 1, 1877, they would pay the balance of the note, principal and interest, as they did not wish to retain the money longer, and would not pay interest after that date, and that he, as the agent of his brother, should at that time be prepared to execute the proper release of this note and vendor's lien secured by the deed of trust.

On October 1, 1877, L. Nuse called upon appellants and presented the note for payment. They, on their part, tendered him a check for the amount of $3,090, the amount due, upon the condition that he (L. Nuse) would execute the release of the deed of trust. He agreed to receive the check as money, but declined to execute the release, or any release, upon the ground that he had no authority.

Appellants, notifying L. Nuse that they would pay the money at any time to him or any one authorized to execute a release, placed the same in bank as a special deposit, where it remained until May 13, 1878, when it was by appellants paid to the clerk of the District Court of Galveston county, and on the 15th day of the said month by him turned over to L. Nuse. In April, 1878, appellants had tendered the sum of $3,090, in currency, to L. Nuse, which he declined, on the ground of the insufficiency of amount.

Henry Nuse resided in Germany, and did on July 1, 1877, and prior thereto.

On July 1, 1877, and also on October 1, W. N. Stowe, trustee, was not a resident of, and was absent from the county of Galveston, and his whereabouts unknown to appellants. Appellees caused the property, lots numbers 11 and 12, block number 536, to be advertised for sale under the deed of trust, to be sold on May 16, 1878. The original petition was filed and injunction granted on the 13th of May, 1878.

On June 7, defendants filed their answer and cross-bill.

On July 17, plaintiffs filed their amended original petition, and the cause being heard, the court rendered judgment, dissolving the injunction in so far as it restrained the collection of the interest accruing after October 1, 1877, and permitting appellees to proceed under the terms of their deed of trust for the enforcement of this claim, but in all other respects perpetuating the injunction; and further, giving judgment in favor of appellees for the sum of $18.25, the amount of the expense of advertisement under trust sale, and for all costs.

The plaintiff appealed.

*Wheeler & Rhodes,* for appellants.—There is in this case no conflict of testimony or disagreement as to the facts, the question being, Whether the tender made by appellants on the 1st day of October, A. D. 1877, was a valid legal tender, or void by reason of the condition with which it was coupled?

That a demand by the debtor of a receipt for the amount of money tendered will not vitiate a tender, nor for a receipt in full when the amount tendered is all that is due, has been decided by this court in an able and well-considered opinion by Chief Justice Hemphill, in the case of Brock *v.* Jones, 16 Tex., 466.

The case of Wheelock *v.* Tanner, 39 N. Y., 481, arising upon a state of facts strongly analogous to this, presents an able discussion as to whether a tender of performance may

be accompanied with conditions precedent to be performed by the party to whom the tender is made.

It was a suit for a foreclosure of a mortgage, and a conditional tender was made, as in this case. Woodruff, J., says: " Some claim was made that the defendants are chargeable with interest, upon the principles which govern a court of equity, on the subject of interest, where a specific performance of an agreement for the purchase or sale of real estate is decreed. On the contrary, those principles are in full support of the claim of the defendants to be relieved from such payment." Here the rule and practice of courts of equity above referred to apply with striking force. When a purchaser, although in possession, is ready and offers to pay at the appointed time, but the vendor is not ready with his deed, and the purchaser holds the money in readiness to pay whenever the deed shall be tendered and the purchase-price is demanded, the purchaser is not chargeable with interest. (DeVisme *v.* DeVisme, 1 McN. & Gor., 352; Regents Canal *v.* Ware, 23 Beav., 575; Dart on Vend., 59, 60; 2 Sugd. on Vend., 17, 18, 19; Powell *v.* Martyr, 8 Ves., 146; Winter *v.* Blades, 2 Sim. & Stu., 393; Brockenrough *v.* Blythe, 3 Leigh, 619.)

This is the well-settled rule when the money has been set aside for the vendor, and the purchaser has given the vendor notice, or informed him of the fact.

The general principle, that interest is recoverable upon past-due obligations for the payment of money, depends upon the debtor being in fault. (Rensselaer Glass Factory *v.* Reid, 5 Cow., 611.)

And so when the principal debt is to be paid on a fixed day, and the party is required to do some act beneficial to the party, and such act is to be performed before the duty to pay becomes absolute, and the party is prepared with his funds on that day and ready to make his payment, and deposits his money to make the payment, and notifies the other

party of the fact, no interest can be claimed by the delay caused by the party's own fault.

*Atchinson & Son,* for appellees.—The court did not err in holding that the so-called tender made by appellants on the 1st day of October, 1877, was not a valid and legal tender.

The tender made on the 1st day of October, 1877, was conditional. Appellants offered a check for $3,090, the amount due, coupled with the condition that L. Nuse, under a power of attorney, or some such instrument, from his brother, Henry Nuse, would release the vendor's lien on the property. L. Nuse was anxious to deliver up the note for the check. Under the deed of trust, the holder of the notes was empowered to release the property from this conveyance. The $3,090 which they admitted to be due was not paid until after the filing of the petition for a writ of injunction. (Story on Cont., sec. 1004; Add. on Cont., sec. 357, note 2; 2 Pars. on Cont., secs. 644, 645; Chitty on Cont., pp. 1194, 1195, and authorities therein cited; Storey *v.* Krewson, 55 Ind., 397.)

BONNER, ASSOCIATE JUSTICE.—The deed of trust shows that it was given upon both lots, numbers 11 and 12, to secure jointly the two notes, and contains this recital: "That if both said promissory notes are punctually paid at maturity, with the accrued interest, then the said William N. Stowe, trustee, or holder of said notes, will release said property from this conveyance."

There is no subsequent agreement shown that either lot was to be released upon payment of only one of the notes. In addition to the amount admitted to be due on the note assumed to be paid by plaintiffs, the record shows that there was a large remainder also due on the other note.

Under these circumstances, we do not think that the plaintiffs had the right to demand, as a condition of their tender, that a release should be executed discharging the lot pur-

chased by them from liability for the remainder due upon the other note.

The tender, then, being made upon a condition which the plaintiffs had no legal right to demand, was not such lawful tender as would stop interest or make the defendant liable for costs subsequently incurred. The judgment below is accordingly affirmed.

AFFIRMED.