## FOUST v. FIRST NAT. BANK OF MART. (No. 190.)

(Court of Civil Appeals of Texas. Waco. April 2, 1925. Rehearing Denied April 30, 1925.)

1. **Appeal and error** ⬳799 — **Appellate court may entertain motions to dismiss cause, and to dismiss such motion and consider affidavits, etc., as to matters occurring since appeal was perfected.**

Under Rev. St. art. 1593, Court of Civil Appeals, on submission of cause, could entertain motion to dismiss cause as moot, and motion to dismiss such motion as too late, and consider affidavits and other documents as to matters occurring since appeal was perfected, in order to ascertain facts necessary to proper exercise of its jurisdiction.

2. **Appeal and error** ⬳781(7)—**Settlement of judgment on which execution issued defeats jurisdiction of appeal from judgment foreclosing mortgage and enjoining sale of property levied on.**

Settlement of judgment, on which execution issued, settles, as matter of law, all matters, except costs, involved on appeal from judgment foreclosing mortgage and enjoining sale of property levied on, though there was no agreement as to foreclosure suit, and hence appellate court will not entertain jurisdiction.

3. **Appeal and error** ⬳781(1)—**Appellate jurisdiction not entertained merely to determine question of costs.**

Court of Civil Appeals will not entertain jurisdiction merely to determine question of costs.

Appeal from District Court, McLennan County; James P. Alexander, Judge.

Suit by the First National Bank of Mart against C. G. Foust and another. Judgment for plaintiff, and named defendant appeals. Appeal dismissed.

S. J. T. Smith, of Waco, for appellant.
R. W. Cowan, of Mart, for appellee.

### Statement.

STANFORD, J. On the 6th day of April, 1923, appellant, C. G. Foust, in the county court of Erath county, in the cause of C. G. Foust v. J. A. Nichols, No. 1888 on the docket of said court, recovered a judgment against said Nichols for $557.32 and all costs in said cause incurred. On the 3d day of September, 1923, execution was issued to McLennan county on said judgment, which execution was, on September 15, 1923, by the sheriff of McLennan county, levied upon 20 tons of cottonseed as the property of J. A. Nichols. The appellee, First National Bank of Mart, claiming to have a mortgage upon said cottonseed to secure an indebtedness of J. A. Nichols to said bank of about $3,300, brought this suit against C. G. Foust

and J. A. Nichols, asking judgment against Nichols for its debt, and a foreclosure of its chattel mortgage on said cottonseed, and sought and obtained an injunction against appellant, Foust, restraining him from selling said cottonseed by virtue of the levy of his said execution. This case was tried before the court without a jury, and judgment rendered in favor of appellee for its debt against J. A. Nichols, together with a foreclosure of its mortgage lien on said cottonseed, and against appellant that he take nothing, and also perpetually restraining him from selling said cottonseed by virtue of the levy of his said execution.

Appellant duly perfected his appeal to this court, the record being filed here June 16, 1924. This case was called for submission in this court March 19, 1925, whereupon appellee filed and called to the attention of this court its motion to dismiss this cause, upon the ground, as alleged in said motion, that the judgment of C. G. Foust, appellant, against J. A. Nichols, No. 1888 in the county court of Erath county, and on which the execution had issued which was levied on the cottonseed involved in this cause, had been settled in full by J. A. Nichols on December 15, 1924, and supported said motion by a release duly executed by appellant, C. G. Foust, also a check by J. A. Nichols to said Foust for $500, and several affidavits. Appellant, Foust, at the same time filed a motion to dismiss appellee's motion, upon the ground it came too late, and that this court had no right to consider same, etc. At the same time appellant filed his verified reply to appellee's motion, in which appellant denied under oath that this case had been settled, but did not deny that his judgment against J. A. Nichols in cause No. 1888 in the county court of Erath county had been settled, as alleged in appellee's motion. Both motions and the case were all submitted together.

### Opinion.

[1] This court had the right to entertain both motions on the submission of the cause, and to consider affidavits and other documents of matters occurring since the appeal was perfected, in order to ascertain such matters of fact as may be necessary to the proper exercise of its jurisdiction. Article 1593, Revised Statutes; Seiter v. Marschall et al. (Tex. Civ. App.) 147 S. W. 226; Webster v. I. & G. N. Ry. Co. (Tex. Civ. App.) 184 S. W. 295; Knights of Maccabees v. Parsons, 109 Tex. 14, 182 S. W. 672; A. A. Feilder Lumber Co. v. Gamble (Tex. Civ. App.) 179 S. W. 522; Hedrick v. Matthews (Tex. Civ. App.) 216 S. W. 424.

[2, 3] It is apparent from appellee's motion that the judgment in said original cause, on which the execution issued that was levied on the cottonseed in controversy in this case, was settled as alleged by appellee. This is

not controverted by appellant, and if so, then such settlement, as a matter of law, operated as a settlement of all the matters in this case except the court costs, even though there was no agreement in reference to this case; and this court will not entertain jurisdiction and pass upon the case in order to determine the question of court costs. See Love et al. v. Griffith et al. (Tex. Civ. App.) 236 S. W. 240, and cases there cited.

We overrule appellant's motion to strike out the motion of appellee to dismiss, and we hereby sustain appellee's motion and dismiss this appeal.