## LAW v. LUBBOCK NAT. BANK et al. (No. 3129.)

Court of Civil Appeals of Texas. Amarillo. Sept. 26, 1928.

Rehearing Denied Oct. 31, 1928.

T. L. Price, of Post, and Bledsoe, Crenshaw & Dupree, of Lubbock, for appellant.

Vickers & Campbell, of Lubbock, for appellee Lubbock National Bank.

Bean & Klett, of Lubbock, for appellee Farmers' Gin Company.

JACKSON, J. The Lubbock National Bank, hereinafter called the "Bank," filed this suit July 23, 1928, in the district court of Lubbock county, Tex., against the Farmers' Gin Company, hereinafter called the "Gin Company," and George B. Law.

The Bank alleges: That it is a national corporation with its domicile in Lubbock, Lubbock county, Tex. That the Gin Company is a Texas corporation operating cotton gins in Lubbock county, Lynn county, and other places, and that George B. Law resides in Lynn county, Tex. That the Gin Company is indebted to the Bank in the sum of $11,973.37, evidenced by notes executed by the Gin Company and payable to the Bank in Lubbock, Tex., on the dates alleged; that the payment of said notes is secured by liens on certain real estate and certain personal property fully described in the Bank's petition belonging to the Gin Company and situated in Tahoka in Lynn county, Tex., and sufficiently alleges the indebtedness, the validity of the liens, default in payment, and asked judgment for the debt and a foreclosure of the liens. That the property against which a foreclosure is sought is operated under the trade-name of George B. Law Gin Company, and that George B. Law is asserting some claim to or interest in the property, the exact nature of which is unknown to the Bank, but that in all events such claim or

interest is inferior and subject to the liens of the Bank securing its indebtedness. That the property in controversy is gin property, and it is necessary for it to be operated as such in order to maintain its value and be revenue producing. That in order to keep the gin in operation, it is necessary that it be kept in good repair and the Gin Company and George B. Law are in a controversy as to the operation and use of the property, and it is not being repaired for operation during the season of 1928. That the defendants have removed or permitted to be removed from the premises material portions of the personal property upon which the Bank has a lien, but no particular description of such property so removed can be given for the reason that the Bank has been refused permission to inventory the property upon which it has a lien. That the property covered by the Bank's lien is being materially injured and is in danger of being lost and destroyed and is probably insufficient in value to pay the indebtedness of the Bank. That the Gin Company and George B. Law are in a controversy relative to the management, control, and operation of the gin property and refuse to repair it so it will retain its value, and the Gin Company is in imminent danger of insolvency and will become insolvent unless the property is kept together and put in use as gin property, all of which makes it necessary for the protection of the Bank to appoint a receiver to take charge of, collect, and keep all the property together and on the premises so it can be operated as a gin, for which it was intended and constructed.

The court, after considering the application for a receiver, set it down for a hearing on July 25th, and directed that the clerk notify the Gin Company and George B. Law, the defendants.

On July 25th, the Gin Company appeared, admitted that it was a Texas corporation, and in answer to the Bank's petition filed a general demurrer and a general denial, and, on the same day, filed a cross-action against George B. Law. The Gin Company alleges in its cross-action that it purchased the property described in the Bank's petition for a consideration of $25,000, paying $7,000 in cash and executing to its grantee vendor's lien notes for the balance of $18,000; that thereafter, in the early part of 1926, it made an agreement with George B. Law as a partner, whereby he agreed to pay $1,400 (one-fifth of the cash payment), and assume the payment of one-fifth of the $18,000, the deferred payments against the property, and pay one-fifth of all other liabilities, for a one-fifth interest in the gin property; that George B. Law was to be manager of the property and conduct the business under the trade-name of the George B. Law Gin Company, receive one-fifth of the profits, and the Gin Company was to receive four-fifths of the profits; that George B. Law has had the management of the gin property for two seasons, during which time the Gin Company and Law were partners in the gin property and business at Tahoka, and the business was conducted by George B. Law until a short time ago, when the Gin Company gave notice to Law of the dissolution of the partnership, and the discharge of Law as manager, because of disagreement, dissension, and mismanagement of the business by the said Law, unreasonable and unnecessary losses, removal of tools and property conversion, and misappropriation of the funds of the company to the amount, in two years, of $6,000 above the income, as well as failure to comply with his contract of purchase; that the assets of the partnership are less than the liabilities; that the partnership is indebted in the sum of about $25,000, a part of which has been sued on by the Bank, and other creditors will likely sue, and that the property described in the Bank's petition is practically all of the property of the partnership; that Law fails and refuses to make an accounting, refuses to work or co-operate with the Gin Company, excludes the company from the management of the property; that Law is wholly insolvent, all of which renders it necessary for the immediate appointment of a receiver by the court to take charge of the property, pending the lawsuit.

The Gin Company adopts the allegations of the Bank's petition and asks for appointment of a receiver, dissolution of the partnership and a settlement and accounting and division of the partnership's assets and liabilities, a winding up of the affairs of the partnership, the sale of the property, the payment of the debts, and an adjudication of the respective rights and liabilities of the partners, and alleges that in addition to the indebtedness against the Gin Company, George B. Law is indebted to the Gin Company in the sum of $1,240.

On July 25th, George B. Law, so far as is necessary to a consideration of this appeal, answered the petition of the Bank by general demurrer, general denial, and alleged that by a written contract of May 5, 1926, he had purchased from the Gin Company a one-fifth interest in the property involved in this suit for a consideration of $1,400 cash and his promise to pay an additional sum of $3,600; that he had paid to the Gin Company one half of the $1,400 cash payment and tendered to the company the other half of said cash payment, but that the Gin Company had failed to execute and deliver to him a deed, and that he was therefore the equitable owner of an undivided one-fifth interest in the property; that said contract also provided that he was to be in charge of the plant at Tahoka and devote his entire time, at a salary of $150 a month, to the management of the gin business; that he did not execute the notes or the liens sued upon by the Bank, had no knowledge thereof, and

such notes and liens were not a valid claim against his one-fifth interest in the property; that the gin was being repaired; that none of the property had been permanently removed from the premises, and that the gin property was worth $35,000, a sum largely in excess of the Bank's debt; that the expense of receivership would materially decrease the profits to be derived from the operation of the gin and a receivership was wholly unnecessary and unauthorized. He attached to his answer, and made a part thereof, a copy of his contract with the Gin Company.

The case was not heard until July 30th, on which date George B. Law filed his plea of privilege against the cross-action of the Gin Company, asserting his residence to be in Lynn county, Tex., and asking that the cause of action alleged in the Gin Company's cross-action against him and its application for a receiver be transferred to Lynn county No controverting affidavit to this plea of privilege was filed by the Gin Company, but the plea of privilege was overruled by the court, after which George B. Law filed his answer to the cross-action of the Gin Company, but we deem it unnecessary to set out the allegations thereof.

The Bank, by supplemental petition, in reply to George B. Law's answer to its cause of action, pleaded general demurrer, general denial, and alleged that one of the notes sued upon, amounting to $7,120, was advanced by the Bank to take up and pay off a vendor's lien note given by the Gin Company to the grantee at the time the Gin Company acquired the property, and that the Bank was subrogated to all the rights of the original grantee, and that any interest acquired by Law by virtue of his contract with the Gin Company was subject to said vendor's lien; that the other notes sued on were for money advanced at the request of both defendants for the operation and management of the plant at Tahoka; that all of the transactions relating to the gin plant at Tahoka were done in the name of the George B. Law Gin Company, and the defendants were authorized and empowered to create legitimate debts and secure them by liens against the property.

The court, on July 30th, in vacation, heard the application for a receivership, denied the plea of privilege filed by George B. Law against the cross-action of the Gin Company, overruled his general demurrer to plaintiff's petition, and appointed a receiver to take charge of the gin property, subject to the orders of the court, from which judgment George B. Law prosecutes this appeal.

The appellant assigns as error the action of the trial court in overruling his general demurrer to the sufficiency of the Bank's petition to authorize the appointment of a receiver.

■ In our opinion, the petition was good against a general demurrer. Article 2293, R. C. S. 1925; Scales v. Grassman (Tex. Civ. App.) 261 S. W. 220.

The appellant presents as error the action of the court in appointing a receiver on the application of the Bank for the property involved, because the evidence is insufficient to warrant such appointment.

The testimony tends to show that the Farmers' Gin Company, in its operation under the trade-name of George B. Law Gin Company, was indebted to various creditors in the sum of approximately $31,000; that the property known as the George B. Law Gin Company property was of the value of approximately $25,000; that in the two preceding gin seasons there was a loss in the operation of the George B. Law Gin Company property at Tahoka, Tex., of about $5,000; that to repair the plant and put it in good running order would cost from $2,000 to $3,000; that a vendor's lien note given by the Farmers' Gin Company to its grantee for the sum of $6,000 was secured by a lien against the property involved in this suit and was superior to the liens the Bank was seeking to foreclose; that personal property of the value of $700 covered by the Bank's mortgage had been removed from the premises; that Mr. Law was without visible assets independent of the interest he might have in the George B. Law Gin Company that could be subjected to the payment of debts; that the officers of the Gin Company and Mr. Law were in a controversy as to whether or not he was entitled to any interest in the gin property and as to his right to manage the operation of the gin, and whether he could be discharged from the management thereof; that proper repairs were not being made upon the plant to prevent its diminishing in value.

■ The appointment of a receiver is largely within the discretion of the trial court, and his action will not be set aside unless he had abused his discretion. Richardson v. McCloskey (Tex. Civ. App.) 228 S. W. 323.

■■ Under the facts revealed in this record, we are not inclined to hold that the action of the trial court in appointing a receiver on the application of the Bank was an abuse of his discretion; hence, any error in considering the application of the Gin Company was harmless.

The appellant assails as error the action of the trial court in overruling his plea of privilege to the cross-action filed against him by the Gin Company.

■■ We find no statute which empowers the district court to pass upon a plea of privilege in chambers. The Gin Company is given, by statute, five days after appearance day within which to file its controverting affidavit to the plea of privilege; therefore, the court committed error in overruling the

plea of privilege, at the time and under the circumstances disclosed by the record.

"The power of the court to appoint the receiver proceeds from its jurisdiction of the cause and is an element of it." Lauraine v. Ashe et al., 109 Tex. 69, 191 S. W. 563.

The court being without authority, at the time of the hearing, to pass upon appellant's plea of privilege, it should be heard and determined at a term of the court, at a time and in the manner provided by statutes.

The judgment of the court overruling appellant's plea of privilege is reversed, and the judgment appointing a receiver is affirmed.