## LAW v. LUBBOCK NAT. BANK et al.
### (No. 3226.)

Court of Civil Appeals of Texas. Amarillo.
May 8, 1929.

Rehearing Denied June 5, 1929. Application for Writ of Error Dismissed for Want of Jurisdiction Nov. 6, 1929.

See, also, 11 S.W.(2d) 244.

T. L. Price, of Post, and Bledsoe, Crenshaw & Dupree, of Lubbock, for appellant.

Vickers & Campbell and Bean & Klett, all of Lubbock, for appellees.

JACKSON, J. On July 23, 1928, plaintiff, the Lubbock National Bank, instituted this suit in the district court of Lubbock county, Tex., against the defendants the Farmers' Gin Company and George B. Law, on certain promissory notes and to foreclose the liens given to secure the payment thereof.

Plaintiff alleges:

That the Farmers' Gin Company is a corporation, operating cotton gins in Lubbock county and in Lynn county, Tex. That said defendant used the trade-name of George B. Law Gin Company in operating and conducting its gin business situated at Tahoka, in Lynn county. That George B. Law resided in Lynn county. That on February 16, 1928, the Farmers' Gin Company executed its promissory note to the plaintiff for $7,120, bearing 10 per cent. interest from date, due July 16th, thereafter, signed "Farmers' Gin Company, by B. B. Barron, Manager." That on April 24, 1928, the Farmers' Gin Company gave a note for $2,754.30, bearing interest at the rate of 10 per cent. per annum, payable to plaintiff and due on demand, signed "George B. Law Gin Company, by B. B. Barron." That on May 3, 1928, the Farmers' Gin Company gave a note for $714.35, bearing interest at the rate of 10 per cent. per annum, payable to plaintiff, due on demand, and signed "George B. Law Gin Co., by B. B. Barron." That each of said notes provided for the usual 10 per cent. attorney's fees, the last two of which were indorsed "Farmers' Gin Co., by B. B. Barron, Vice-President," for the purpose of showing that said notes were the obligations of the Farmers' Gin Company and that the Farmers' Gin Company at Tahoka was transacting its business under the trade-name of the George B. Law Gin Company, but, in fact, no such individual, firm, or corporation existed.

That on May 3, 1928, the Farmers' Gin Company executed and delivered to the plaintiff a deed of trust covering certain real estate and machinery which constituted the gin plant at Tahoka, Tex., and is fully described in plaintiff's petition, to secure the payment of said notes, and on the same date, to further secure the payment thereof, the Farmers' Gin Company executed its chattel mortgage in favor of the plaintiff on certain personal property fully described in plaintiff's petition. That the property covered by the deed of trust lien and the chattel mortgage lien was the gin property used and operated under the trade-name of George B. Law Gin Company. That said notes evidenced money loaned by plaintiff for the purchase of machinery and other supplies used in the operation of said gin business and to pay purchase-money liens on said property.

That the defendant George B. Law is asserting some claim or interest in the property covered by plaintiff's liens, the nature of which is not known to the plaintiff, but that such claim is subordinate and inferior to plaintiff's liens.

The plaintiff pleads default in the payment of its notes, the placing them with attorneys for collection, and asks for judgment against the Farmers' Gin Company for the sum of $11,973.73, which is the principal, interest, and attorney's fees, and for a foreclosure of its liens on the property against both of the defendants.

The plaintiff sought and obtained the appointment of a receiver on allegations in its petition which we deem it unnecessary to set out.

On July 25th, the Farmers' Gin Company answered the plaintiff's petition by a general demurrer and a general denial. It filed a cross-action against the defendant George B. Law, alleging: That it purchased the property described in plaintiff's petition for a consideration of $25,000. That it paid $7,000 in cash and executed to its grantee vendor's lien notes for the sum of $18,000, the balance of the consideration. That, after the purchase, it entered into an agreement with George B. Law as a partner, by the terms of which he agreed to pay $1,400, one-fifth of the cash payment, and to assume the payment of one-fifth of the $18,000 deferred payments, and to pay one-fifth of all other liabilities. That, on making such payments, he would acquire a one-fifth interest in the gin property and business. That the said Law was to be manager and conduct the business under the trade-name of George B. Law Gin Company, receive one-fifth of the profits, and the Farmers' Gin Company was to receive four-fifths of the profits. That George B. Law, for two seasons, had the management of and conducted the business, but recently, because of his failure to comply with his contract of purchase, unreasonable and unnecessary losses caused by his mismanagement, his removal of tools from the premises, conversion of property, and misappropriation of funds belonging to the company, amounting in the two seasons to $6,000 more than the revenue derived from the business, the Farmers' Gin Company gave him notice of his discharge as manager and of the dissolution of the partnership. That the assets of the partnership were less than the liabilities. That the partnership is indebted in the sum of $25,000. That a portion of such indebtedness is sued on by the bank and a part of the bank's indebtedness represents money advanced with which to discharge some of the purchase-money notes.

The Farmers' Gin Company adopts the allegations of the bank and asks for a settlement and accounting, a division of the part-

nership assets between it and Law, a winding up of the affairs, a dissolution of the business, a sale of the property, payment of the debts, and a cancellation of the contract of sale to George B. Law of a one-fifth interest in the property and an adjudication of the respective rights and liabilities of the parties. It also seeks a recovery against George B. Law for advancements made by it to be used by him in the operation of the gin business at Tahoka, Tex., under the name of the George B. Law Gin Company. It also sought the appointment of a receiver.

On July 25th, the defendant George B. Law, in answer to plaintiff's petition, pleaded general demurrer and general denial. He alleged: That on and prior to the 5th day of May, 1926, the Farmers' Gin Company was the owner of the property involved in this controversy, on which date he entered into an agreement with said gin company, by the terms of which it agreed to convey to him an undivided one-fifth interest in said property upon the payment by him of $1,400 in cash and his agreement to pay an additional sum of $3,600, one-fifth of the deferred payments. That he paid the sum of $700 in cash and tendered the additional sum of $700, which entitled him to a deed to one-fifth interest in the property, but that said gin company failed and refused to convey him such interest. That, under the circumstances, he became the equitable owner of a one-fifth interest in said property and is entitled to a deed thereto. That plaintiff, through its officers, knew of the contract between him and said gin company and of his interest in said property. That by reason of said contract he became a joint tenant with said gin company, but was never a partner with or a stockholder in said Farmers' Gin Company. That he had no notice or knowledge of the execution of the notes sued on or of the execution of the liens plaintiff sought to foreclose; that under his contract he was given exclusive management and control of the property, and the plaintiff is not entitled to deprive him thereof. That the property is worth at least $35,000, which is largely in excess of plaintiff's debt. He attaches to and makes a part of his answer a copy of the contract between himself and the Farmers' Gin Company, and asks that upon a hearing for a receiver the application therefor be denied.

The plaintiff, by supplemental petition, replied to the answer of George B. Law, pleading a general demurrer and general denial. It also alleged: That the note for $7,120 sued on was for money advanced by the plaintiff to take up a vendor's lien given by the Farmers' Gin Company to its grantee and that plaintiff was subrogated to all the rights of the original grantee in said note and lien, and that any interest of George B. Law was subject to said purchase-money lien. That the other notes sued on were for money advanced at the request of both of the defendants for the operation of the gin business, and all the transactions were had in the name of the George B. Law Gin Company and each defendant was authorized and empowered to create legitimate debts and secure them by liens against the property.

On July 30, 1928, George B. Law filed a plea of privilege, alleging his residence in Lynn county, Tex., and denying the right of the Farmers' Gin Company to sue him in Lubbock county, on the issues presented by its cross-action. The plea of privilege was overruled at a hearing had in vacation, and a receiver appointed, from which action of the court Law appealed. The judgment of the court appointing a receiver on the application of the bank was affirmed, but the action of the court in passing on the plea of privilege in vacation was held to be error. Law v. Lubbock National Bank et al. (Tex. Civ. App.) 11 S.W.(2d) 244.

On September 7, 1928, the Farmers' Gin Company, by its verified plea, controverted George B. Law's plea of privilege to be sued in Lynn county on the issues presented by its cross-action.

On September 8, 1928, subject to his plea of privilege, George B. Law filed a plea in abatement to the cross-action of the Farmers' Gin Company, urged a misjoinder of causes of action and of parties in that the cause of action alleged by the plaintiff against the defendants is separate, distinct, and independent from the cause of action alleged by the Farmers' Gin Company against him in its cross-action, and that plaintiff is neither a necessary nor a proper party in the cross-action.

On the merits to the cross-action he pleaded general demurrer and general denial, denied the partnership, but asserted: That he was a joint tenant with the Farmers' Gin Company in the ownership of the property. That he paid said company $700 on the cash he had agreed to pay for a one-fifth interest in the property, and had tendered the remaining $700, but such tender had been refused. That under his contract he was entitled to one-fifth of the profits made by the gin, and out of such profits there had been paid on the purchase price to E. R. Allen, the grantee of the property, the sum of $7,200, $1,440 of which profits was his and constituted one-fifth of said payment. That, by reason thereof, he has an interest and equity in the property amounting to $2,140. That the contract between him and the Farmers' Gin Company stipulated that, if said company became dissatisfied and desired to terminate the relationship between it and him, said company could do so on payment to him of the fair value of a one-fifth interest in the property, but that said gin company had never paid or offered to pay him said sum or any part thereof, and is therefore not entitled to ask the equitable aid of the court.

The case was submitted to the court with-

out the aid of a jury and judgment rendered in favor of plaintiff for its debt against the Farmers' Gin Company and against both defendants foreclosing plaintiff's liens. The plea of privilege urged by George B. Law against the cross-action filed against him by the Farmers' Gin Company was heard with the merits of the case and overruled by the court. The Farmers' Gin Company was given judgment against George B. Law, canceling the contract between it and him relative to the gin property, but it was not allowed any recovery for the money it claimed to have advanced to George B. Law for the operation of the gin.

George B. Law alone, as appellant, prosecutes this appeal from the judgment in favor of the plaintiff foreclosing its lien against his interest in the property, and from the action of the court in overruling his plea of privilege to the cross-action of the Farmers' Gin Company and to the order of the court rendering judgment in favor of the Farmers' Gin Company, canceling his contract with it.

The appellant urges as error the action of the court in foreclosing against his interest in the property plaintiff's liens, for, inasmuch as his codefendant was a corporation, his contract with it relative to the gin property, of which plaintiff knew, could not create a partnership, and, as he signed neither the notes sued on nor the liens given to secure their payment, plaintiff's liens were not enforceable against his interest in the property.

The record reveals without controversy that the note for $7,100 sued on evidenced money advanced by the plaintiff to take up one of the vendor's lien notes and the accumulated interest on the others, given by the Farmers' Gin Company to its grantee, as a part of the consideration for the property; that appellant assumed the payment of one-fifth of the money evidenced by the purchase-money notes given by his codefendant; that he was advised that plaintiff had paid the $7,-100 on the purchase-money notes, the truth of which he did not dispute; that he had not paid or offered to pay said purchase-money note and interest or any part thereof; that he had not paid plaintiff; that he made no tender of the money in his pleadings or otherwise, but stated in his testimony that he had promised to pay if he could get the money, but had failed to get the money. Under the facts disclosed by this record, the plaintiff was subrogated to the rights of the original grantee, to whom the plaintiff had paid said purchase money. The plaintiff's right of subrogation is neither controverted nor contested by appellant.

Conceding appellant's contentions that he did not sign either the notes or the liens to plaintiff and that he was not a copartner with the Farmers' Gin Company, but a joint tenant in the ownership of the gin property, this would not defeat the plaintiff's right to foreclose its lien on the property for the $7,100 which was advanced by it to pay purchase money owed by appellant and his joint tenant.

"The rule is familiar and well settled that one paying on behalf of another the purchase price of land or part thereof, a lien thereon existing in favor of the vendor, is entitled to be subrogated thereto, where the payment is made under agreement with the vendee and upon an understanding, express or implied, that the lien shall be retained as security for the money advanced; and, where the amount advanced is in excess of that secured by the vendor's lien, the party is subrogated to the extent of the amount of the lien." W. O. Belcher Land Mortgage Co. v. Taylor et al. (Tex. Com. App.) 212 S. W. 647, 649.

A joint tenant or a tenant in common, in order to protect his interest and the interest of the other joint tenants in the property, has the right to extend the time of payment of a debt for purchase money, and is authorized to execute a lien therefor binding his interest and also the interest of the other joint tenants. W. C. Belcher Land Mortgage Co. v. Taylor et al., supra.

To the extent that the debt sued on is a renewal of the obligation for purchase money that was used to pay off the lien of the original grantee, it is still secured by the vendor's lien. Hicks v. Morris, 57 Tex. 659.

The appellant contracted for his interest in the gin property after the vendor's lien notes were given and assumed and promised to pay one-fifth of the amount thereof, and cannot complain because the lien was foreclosed and the property subjected to the payment of the purchase money. Texas Land & Loan Co. v. Blalock, 76 Tex. 85, 13 S. W. 12.

If the liens to the extent of the notes which did not represent purchase money were invalid, including such notes in the suit would not make the foreclosure invalid as to the amount of $7,100 secured by a vendor's lien to which the plaintiff had been subrogated. The appellant admitted in his pleadings and in his testimony that he had assumed one-fifth of these purchase-money notes, had defaulted in the payment thereof, and that he had failed to pay plaintiff the purchase money it had advanced or the part thereof he had agreed to pay. He did not tender, in his pleadings or otherwise, such purchase money or any part thereof; therefore he failed to do or to offer to do equity. His contention is that the interest of his cotenant, Farmers' Gin Company, in the property should be subjected to the payment of the purchase-money note taken up and held by the bank, and that his interest in the property should be relieved from the payment thereof.

Under these facts, the foreclosure of the lien for the excess over the purchase money, if error, is not such as requires a reversal of the judgment rendered in favor of the bank, and such judgment is affirmed. Floyd v.

Hammond (Tex. Com. App.) 268 S. W. 146; Adolph Flake & Co. v. Henry Nuse et al., 51 Tex. 98.

The defendant Farmers' Gin Company moves to dismiss the appeal of appellant against it because it has already filed a motion in the district court of Lubbock county, Tex., to dismiss its application for a receiver and to dismiss its cross-action against appellant and said motion has been granted, and for the further reason that all of the gin property owned by it and appellant and involved in this controversy, has been sold at sheriff's sale and the questions of a settlement between it and appellant and their respective rights in such property are moot.

The appellant objects to the consideration of this motion for the reason that it comes too late. This objection is overruled. Foust v. First National Bank of Mart (Tex. Civ. App.) 272 S. W. 290.

The record discloses that the judgment appealed from was rendered in the district court of Lubbock county, Tex., on the 13th day of October, 1928; that appellant gave notice of appeal; that the district court adjourned on the 27th day of October, 1928; that appellant filed his appeal bond on the 13th day of November, 1928; that the record was filed in this court on January 25, 1929; and that the Farmers' Gin Company filed its motion to dismiss its application for a receiver and its cross-action against appellant, in the district court of Lubbock county, Tex., on the 22d day of April, 1929, on which day the motion was granted.

The action of the lower court in granting said motion, so far as revealed by the motion filed in this court by the Farmers' Gin Company, left the judgment canceling the contract between appellant and the Farmers' Gin Company in full force and effect. Under such procedure, the Farmers' Gin Company would retain its judgment in the district court and defeat appellant's right to have the judgment of the district court reviewed in an appellate court, notwithstanding this action was taken after the district court had adjourned and appellant had perfected his appeal to this court. In our opinion, the district court was without jurisdiction to grant the motion of the Farmers' Gin Company and dismiss its application for a receiver and dismiss its cross-action against appellant.

In Smith v. Haynes, 30 Tex. 500, it is stated: "Upon sufficient grounds we doubt not that a judgment may be reopened and corrected, but certainly not after the proceedings had been removed to an appellate tribunal. To hold otherwise would be to establish a rule, or rather demolish all rules, and leave the profession, without chart or compass, to ascertain the forum in which their cases would be called." See, also, Marshall et al. v. City of Dallas et al. (Tex. Civ. App.) 253 S. W. 887; Whaley Farm Corporation v. Bieloh et al. (Tex. Civ. App.) 9 S.W.(2d) 273.

The contention of the Farmers' Gin Company that the controversy between it and the appellant has become moot is supported by proof in the form of an affidavit which is not controverted, showing that, after the judgment was rendered in this case by the trial court, an order of sale was duly issued out of said court on the judgment foreclosing plaintiff's liens on the property against both defendants; that, in compliance with such order of sale, the sheriff of Lynn county, Tex., has sold the property covered by said liens; that the property did not sell for a sufficient sum to satisfy said judgment; that there is a deficit of several thousand dollars, for which, under the judgment, the Farmers' Gin Company alone is liable; that the receiver appointed by the court collected no revenue and came into possession of no property with which to pay operating expenses and has in his hands no moneys or property with which to pay the debt or expenses; that the property in controversy has all been disposed of by the sheriff's sale and exhausted, with a deficit against the Farmers' Gin Company.

The appellant asked for no affirmative relief against either his codefendant or the plaintiff, and no judgment for the recovery of money in behalf of either the plaintiff or his codefendant was rendered against him.

The only assignments urged by appellant against the action of the court relative to the controversy between him and the Farmers' Gin Company are that it was error for the court to overrule his plea of privilege filed to the cross-action, and that it was error for the court to cancel the contract between him and his codefendant for the purchase of an interest in the property.

If we are correct in holding that the trial court properly foreclosed plaintiff's mortgage for the purchase money it had advanced on the property against the appellant, then, in our opinion, the controversy between appellant and the Farmers' Gin Company, under the facts shown, has become moot.

"It is not within the province of appellate courts to decide abstract, hypothetical or moot questions, disconnected from the granting or acquiring relief, or from the determination of which no particular relief can follow." 3 C. J. 358, § 113.

Deciding the questions assigned by appellant against the action of the court relative to his rights and those of the gin company in the property would be of no practical benefit. Ledbetter v. Ledbetter (Tex. Civ. App.) 229 S. W. 576, 577.

If it is made to appear in the appellate court that there is nothing left to litigate except the matter of cost, the appeal should be dismissed, and in this case not even the costs as between the appellant and the gin company are involved. Adams v. Van Mourick (Tex. Civ. App.) 206 S. W. 721.

"When the subject-matter of the controversy between the parties to a suit has ceased to

exist, the courts will not try the case to determine the question of what the rights of the parties were." Southwestern Telegraph & Telephone Co. v. Galveston County (Tex. Civ. App.) 59 S. W. 589, and authorities cited. See, also, Richmond et al. v. Hog Creek Oil Co. et al. (Tex. Com. App.) 239 S. W. 904; Langham et al. v. City of Beaumont et al. (Tex. Civ. App.) 152 S. W. 869; Cowell et al. v. Andrewartha et al. (Tex. Civ. App.) 293 S. W. 337.

So far as the appellant and the Farmers' Gin Company are concerned, the interest each had in said property passed to the purchaser at the sheriff's sale under the order of sale issued upon the judgment in favor of appellee bank forclosing its liens and ordering the property sold, and a decision of the questions presented by appellant relative to the controversy between him and the gin company regarding the respective rights of each in the property could be of no practical benefit.

The judgment of the court in favor of the bank is affirmed, and appellant's appeal against the Farmers' Gin Company is dismissed.