## MAGEE et al. v. STILL et al.
### No. 3569.

Court of Civil Appeals of Texas. Amarillo.
Jan. 14, 1931.

Rehearing Denied Feb. 18, 1931.

W. M. Harris, of Dallas, and Carl Ratliff, of Levelland, for appellants.

Vickers & Campbell, of Lubbock, and Weldon Johnson, of Levelland, for appellees.

JACKSON, J.

The plaintiffs W. H. Still, A. G. Oden, S. B. Pierson, J. P. Potts, J. L. Williams, J. P. Shafner, and W. N. McMillan, on December 5, 1930, presented their petition to the district judge of Hockley county, Tex., seeking a temporary injunction restraining the defendants D. E. Magee, county judge of Hockley county, J. P. McLean, J. H. Pettit, and Ed Langford, members of the commissioners' court of said county, from entering into and consummating any contract for the purchase of road machinery for said county, without complying with the law.

Plaintiffs alleged that the defendants, acting in their official capacity, had made a proposed contract with the Central West Machinery Company to purchase certain road machinery and pay therefor a price in excess of $2,000 without giving notice of such contract and obtaining competitive bids thereon as the law requires, and that no calamity and no urgent necessity existed such as would authorize the defendants to appropriate county funds for the purchase of said machinery; that, if not restrained, the defendants would consummate the proposed contract without complying with the law, and pleaded in detail sufficient facts to authorize the relief sought.

On the same day, after considering the petition, the court had issued a temporary injunction restraining the defendants and each of them from making and consummating said contract or purchasing any machinery and equipment for Hockley county, or in any manner paying out or directing the payment of any money for machinery and equipment until a further hearing by the court.

On the 12th of December, the defendants met in regular session and passed an order by the terms of which they purchased from the Central West Machinery Company road machinery for which they agreed to pay $12,-250, and directed the issuance of warrants of said county numbered from 1 to 25, inclusive, aggregating the sum of $12,250, with interest thereon at the rate of 6 per cent. per annum, payable to the Machinery Company at the Continental Illinois Bank & Trust Co. of Chicago, Ill. The order also provided for the execution of the warrants, the form therefor, the printing thereof, and created a fund for the payment of the warrants and the interest thereon. As a basis for their order, they recite that the roads of the county in November, 1930, had become in a bad state of repair, were practically impassable, and dangerous for travel and traffic, and that on December 8th and 9th thereafter excessive rains in said county so mulched the roads and highways that said roads became impassable, cars bogged down, and in many instances had to turn back and in other instances detour, and that such conditions were a calamity, and created such an urgent public necessity as authorized and required the purchase of said machinery to repair the road; that they had undertaken to advertise as the law requires, but for some reason unknown to them the advertisement was not published the requisite number of times, and on account of the conditions of the roads it was impracticable to readvertise. The order also contains a statement that they were acting in good faith and without any purpose or intention of violating the restraining order issued by the district court on December 5th.

No hearing was had until December 19th, at which time the plaintiffs filed a supplemental petition alleging that the defendants by a subterfuge had attempted to and had evaded the order of the court, making the purchase on December 12th and creating obligations of the county for the price thereof, and asked that the order of the commissioners' court be canceled and held for naught, and the temporary injunction continued in force and effect.

On the same day the defendants answered by general demurrer, special exception, general denial, and especially pleaded the order of the commissioners on December 12th, alleging their good faith and that a calamity existed creating an urgent public necessity for the purchase of such machinery, and denying the equities of plaintiffs' bill.

The court, after hearing the pleadings and evidence, found that no public calamity and

no urgent necessity existed authorizing the purchase by the commissioners' court of the machinery, and that such attempted purchase was a violation of the temporary restraining order, directed that the defendants rescind their action of December 12th, and instructed the sheriff to bring the defendants before the district judge for punishment for contempt in the event they failed and refused to rescind their order for the purchase of the machinery on or before December 31, 1930. From this judgment of the district court the defendants prosecuted their appeal, and filed the record in the case in this court on December 31, 1930.

At the request of the appellants, the case was advanced and set for submission on January 8th in this court, and an order entered directing the sheriff of said county and the district judge to refrain from punishing the appellants for contempt until this court could pass on the appeal.

On January 8th the commissioners' court asked to dismiss the appeal, presenting facts which it is contended disclose that the questions involved had become moot.

The record discloses that on December 31st the commissioners' court of Hockley county entered an order reading as follows:

"It is ordered by the Court that in obedience to the order of the District Judge of date December 19, 1930, and subject to said order having been appealed from and subject to all rights that may accrue from said appeal, that the order of this Court dated December 12, 1930, for the purchase of" the machinery in question be rescinded.

The record discloses that on January 1st D. E. Magee was succeeded as county judge of said county by J. P. Potts, and Ed Langford was succeeded as commissioner of precinct No. 1 of said county by J. P. Schafner, thus changing the personnel of the commissioners' court; that on January 6, 1931, the new commissioners' court met in regular session with the county judge and all the commissioners present, and entered upon the minutes of the court an order canceling and rescinding the order for the purchase of the machinery and the issuance of warrants in payment therefor, and reciting that such order should be held for naught.

The purpose of the temporary restraining order issued by the district court was to enjoin the defendants, who at that time constituted the commissioners' court, from purchasing machinery for road purposes, the price of which exceeded $2,000, without complying with the law and giving notice of such proposed contract and obtaining competitive bids thereon. The order of the commissioners' court of December 12th, for the purchase of machinery and the issuance of warrants

in payment thereof, having been canceled by the commissioners' court on December 31st, in compliance with the direction of the decree of the district court, and the personnel of the court having changed on January 1st, and the new court having entered an order unconditionally canceling the action of the commissioners' court of December 12th, in our opinion discloses that the purpose of the restraining order has been accomplished, and the question on which such order was issued is at this time moot. Law v. Lubbock National Bank et al. (Tex. Civ. App.) 21 S.W. (2d) 92. Hudgens v. Yancey (Tex. Civ. App.) 284 S. W. 347.

The appeal is therefore dismissed.