**ALLSTATE INSURANCE COMPANY,**
Appellant,

v.

**Doris Inez MARTIN et al., Appellees.**

No. 17094.

Court of Civil Appeals of Texas,
Fort Worth.

April 17, 1970.

Rehearing Denied May 22, 1970.

Nelson, Sherrod, Carter & Oldham, and Charles Oldham, Wichita Falls, for appellant.

Clayton Kramer, Wichita Falls, for appellee Doris Inez Martin.

Banner & McIntosh, and Jack Banner, Wichita Falls, for appellees Glenn Krottinger and wife Betty Krottinger, and Glenda Krottinger.

OPINION

LANGDON, Justice.

This appeal is from a judgment denying declaratory relief in a suit filed by Allstate Insurance Company. A motion to dismiss the appeal as moot was presented and argued at the time of submission. This

opinion will cover both the appeal and the motion to dismiss.

The appellant, Allstate Insurance Company, hereinafter called Allstate, filed this case, *Cause No. 84,998–B* against Doris Inez Martin, Glenn Krottinger and wife Betty Krottinger, and Glenda Krottinger. The petition recited that Allstate, pursuant to an application dated January 13, 1967, issued an insurance policy on the Standard Texas Automobile Policy form to Doris Inez Martin, hereinafter called Martin, covering bodily injury and property damage in connection with her operation and ownership of a *1963 Chevrolet* for the period January 24, 1967, to January 24, 1968. The petition further recited that on or about June 15, 1967, the defendant Martin, while driving a *1960 Studebaker* allegedly purchased on January 14, 1967, was involved in an accident with an automobile driven by Betty Krottinger and occupied by Glenda Krottinger, passenger. Allstate prayed that judgment be entered declaring there was no coverage under the policy and that it therefore had no duty to investigate, settle or defend any action resulting from said accident. (Emphasis ours.)

Martin filed an answer in the cause, a counterclaim against Allstate and a cross-action against Harold D. Johnson, insurance agent. The Krottingers filed an answer in the cause and a cross-action against Martin.

The court severed Martin's counterclaim against Allstate and her cross-action against Johnson and the counterclaims of the Krottingers against Allstate and their cross-action against Martin.

The remaining declaratory action filed by Allstate was then tried to a jury. At the conclusion of the testimony offered by Allstate the jury was directed to return a verdict for defendants. On May 26, 1969, a take nothing judgment was entered denying the declaratory relief sought by Allstate. This appeal based upon eight (8) points of error is from that judgment.

The motion to dismiss the appeal as moot was filed by the Krottingers. We are authorized to entertain such motion on submission and consider affidavits and other documents of matters which have occurred since the appeal was perfected. Foust v. First Nat. Bank of Mart, 272 S. W. 290 (Waco Tex.Civ.App., 1925, no writ hist.); Hammer v. City of Dallas, 273 S. W.2d 646 (Fort Worth Tex.Civ.App., 1954, no writ hist.); Travis County v. Mathews, 221 S.W.2d 347 (Austin Tex.Civ.App., 1949, no writ hist.); State v. Jackson, 101 S.W.2d 346 (Austin Tex.Civ.App., 1937, not writ hist.).

The motion to dismiss recited that circumstances had occurred since the trial of the declaratory judgment suit which would require dismissal of the appeal. An affidavit setting forth the facts relied upon was attached to the motion. It was executed by Krottingers' attorney.

The affidavit reflects that during the month of May, *Cause No. 85,776–C,* in which the Krottingers were plaintiffs and Martin defendant, was pending on the docket in Wichita County. The suit was one for damages as the result of personal injuries sustained in the accident of June 15, 1967.

The affidavit further recited that during the week of May 26, 1969, Cause No. 85,-776–C was called for trial. The Krottingers and their attorney, Martin and her personal attorney appeared for trial. A jury panel was seated awaiting voir dire examination. The attorney for Allstate entered the courtroom, sat next to Martin and made known his intention to participate in the trial. Martin's attorney objected to his participation unless he defend the action against Martin. The court advised Allstate's attorney that unless he was representing one of the parties to the suit it would not permit his participation. Allstate's attorney then advised the court he was present to protect Allstate's interest and would seek authority to either settle or defend the cause if allowed time to com-

municate with Allstate. He was granted permission to make a telephone call. After about twenty (20) minutes, he returned to the court and agreed to pay the plaintiff, Betty Krottinger, in response to her written demand, the sum of $9,950.00 of the $10,000.00 coverage afforded by the Allstate policy covering Martin.

At this point the jury was dismissed and the case removed from the pending docket.

Allstate's attorney prepared the instruments settling the negligence suit against Martin and by cover letter forwarded same to the attorney for the Krottingers for execution. The two instruments involved were each captioned, "Release and Assignment of Claim for Damages." One of them was executed by Glenn and Betty Krottinger in consideration of $9,950.00 and the other by Glenda Krottinger in consideration of $1,250.00 which monies were paid to them by Allstate in each instance.

It is undisputed that the Krottingers were fully paid the property damage on their car long prior to May, 1969.

Copies of the two assignment and release forms were attached to and incorporated as a part of the affidavit made by the attorney for the Krottingers. They were identical except for the names and the consideration.

By these instruments the Krottingers assigned to Allstate their entire cause of action against Martin and completely released Allstate from any and all claims. The instruments provided that they are not and do not purport to be a release of Martin and expressly reserved such cause of action on behalf of Allstate, with the proviso that said cause against Martin would remain pending on the docket. The Krottingers by such instruments were required to fully cooperate with Allstate in prosecution of the assigned causes of action.

In reply to Krottingers' motion to dismiss, the appellant made no denial that the case was settled as alleged by execution of the assignment and release forms. Allstate made no denial of any of the matters contained in the Krottinger motion or the affidavit in support of it.

In his affidavit the attorney for Allstate stated that Allstate "never made any settlement of the personal injury action, but did purchase the chose in actions of the Krottingers and were thereby assigned their cause of action." The affidavit also said, "Neither I nor anyone else at any time ever defended Doris Inez Martin in the suit of Glenn and Betty Krottinger against Doris Inez Martin, same being still a pending action." The latter statements are in conflict with the intentions announced to the court when Allstate's counsel sought a recess in order to contact his client for authority to either settle or defend the negligence action.

Allstate in its brief asserts that it owns a chose in action against Martin which is the subject of a pending law suit in Wichita County which it has been requested to defend. Further that it believes such chose in action is a valuable right and that it desires to prosecute same. It further asserts that because of this the declaration as to whether or not it has the duty to defend is "obviously important to the Appellant."

At another point in its brief Allstate says: "Certainly if Allstate * * * has no duty to defend * * * Martin in the personal injury case that is currently pending and no duty to pay any judgment, then Allstate has a perfect right to prosecute its legal and valuable right that it acquired by purchase for, a valuable consideration."

By its actions above described, which are not controverted but are admitted, Allstate has subjected its own assured to a judgment in excess of the coverage afforded by its policy, and has maneuvered itself into the position of an adversary with a claim against its own assured for the expressed purpose of obtaining a judgment against her.

When Allstate prepared the assignment and release to be executed by the Krottin-

gers, it could very readily have included a provision releasing its assured, Martin. This would comply with the usual and customary manner of handling such matters. Instead, Allstate worded the assignment-release forms so as to specifically provide that Martin, its assured, was not released.

The policy in question which was issued to Martin as the named insured was in effect at all times pertinent to the matters here involved. The premium was paid. It was not refunded. The policy was later endorsed to cover a Ford automobile purchased by Martin. Under such policy the assured, Martin, is required to cooperate with Allstate. The Krottingers are required to do the same, under their assignments.

We do no subscribe to this manner of handling claims. It is essentially contrary to conduct which an assured has the right to expect and is entitled to receive from his insurer.

It would seem appropriate at this time to comment that depending upon the future handling of the matters here involved, it is quite possible that many new issues will arise, including questions involving fiduciary relationship, good faith, equitable estoppel, estoppel in pais, merger, and possibly others. We are not required to rule upon such questions at this time and have no desire to do so.

■ It is our opinion that under the facts of this case the appeal has become moot. McNeill v. Hubert, 119 Tex. 18, 23 S.W.2d 331 (1930); Swank v. Sharp, 358 S.W.2d 950 (Dallas Tex.Civ.App., 1962, no writ hist.); California Products, Inc. v. Puretex Lemon Juice, Inc., 160 Tex. 586, 334 S.W.2d 780 (1960) and 1 C.J.S. Actions § 18 and sub. (5), pp. 1018, 1023, and the authorities therein cited.

We believe that the following language contained in Volume 1, Second Edition, Anderson Actions for Declaratory Judgements, Ch. 1, p. 11, § 3, appearing in the following two paragraphs very adequately sums up our position in this matter.

"A court of equity should not be asked, in the guise of an action for a declaratory judgment, to give advice as to the legal rights of plaintiffs who seem to have deliberately created a situation which they knew would be fraught with possibilities for litigation. Persons who consciously place themselves in the way of trouble should not ask the court to take the helm of their craft and steer them out of their difficulties by a declaration of rights. Neither should the court give advice in advance to parties who contemplate the engaging in a certain business, or to attempt a certain undertaking. It can hardly be said that this is a legal function of the court.

" * * * it should not be permitted to foster frivolous or useless litigation, to answer abstract questions, to satisfy idle curiosity, go on a fishing expedition, or to give judgments that serve no useful purpose. It should be construed to aid those who have a meritorious cause of action, rather than to provide a way of escape to those who would be adversely affected. There is no reason whatever why the highway to justice should be strewn with hurdles, and pitfalls that make one who secures it wonder if 'the game is worth the candle.' "

The Krottinger cause of action against Martin has been assigned to Allstate, thus it may by the simple expedient of dismissing such cause obviate the necessity to defend against it.

Now that Allstate has full control over the matters in controversy and thereby the means to steer its own craft through the difficulties created by it, we have concluded that the appeal has become moot and should be dismissed. The motion to dismiss is accordingly sustained without prejudice to such further proceedings as may be appropriate in connection with the severed causes of action.

Dismissed.