## WHALEY FARM CORPORATION v. BIELOH et al. (No. 3633.)

Court of Civil Appeals of Texas. Texarkana. Aug. 10, 1928.

Leachman &. Gardere.and Joyce Cox, all of Dallas, for complainant.

R. M. Hubbard and O. B. Pirkey, both of New Boston, for respondents.

HODGES, J. This is an original proceeding in this court, in which the Whaley Farm Corporation has applied for a writ restraining the Honorable Hugh Carney, judge of the district court of the Fifth judicial district of Texas, and John Bieloh, from enforcing a temporary mandatory injunction issued in a suit pending in the district court of Bowie county. The application is based upon the following facts, which are not here controverted: The Whaley Farm Corporation is a private corporation organized under the laws of Texas, and Geo. S. Leachman is its president. The corporation owns a tract of land situated a few miles north of Whaley Switch, a station on the Texas &. Pacific Railroad, in Bowie county. John Bieloh owns the timber on another tract of land in that vicinity and a short distance from the Whaley land. Bieloh had contracted to sell and deliver his timber on the railroad at or near Whaley Switch. In transporting the timber to the railroad, he desired to use an old roadway passing over the Whaley land. The Whaley Farm Corporation, through its president, objected to such use of that road by Bieloh; and, in order to prevent its further use, extended the fence with which the land was partially inclosed so as to include the entire tract, thus forcing Bieloh to travel some other route. On July 20, 1928, Bieloh filed in the district court of the Fifth judicial district of Bowie county an application for an injunction restraining the Whaley Farm Corporation and Geo. S. Leachman from obstructing the road above referred to. He alleged that the road was a public highway, and was the only practicable route for him to travel in transporting his timber to the railroad. He asked for a mandatory order commanding Leachman and the Whaley Farm Corporation to remove the obstruction which had been placed across the road, and restraining them from interfering with his use of the road. Upon presentation of that petition, the Honorable Hugh Carney, in chambers, issued a temporary restraining order granting the relief prayed for.

On July 30 following that date, the Whaley Farm Corporation and Geo. S. Leachman filed an answer, which consisted of special and general demurrers and general and special denials. They further alleged, in substance, that the road across the Whaley land was not a public highway, but a private road, which had been used by a few people by permission of the owners of the Whaley land

when the latter was uninclosed; that the land had been inclosed with a fence, and was being used for the purpose of pasturing stock. They also alleged various acts of trespass on the land committed by Bieloh and his agents and employees, and the destruction of the fence across the roadway. The prayer was for a dissolution of the temporary order theretofore issued at the instance of Bieloh, and for an injunction restraining him from removing the fence placed across the road and from further trespassing on the Whaley land. The answer and cross-bill were properly verified. On the same day, July 30, upon a hearing in chambers, the district judge sustained a special exception to a portion of Bieloh's petition without dismissing his suit, and set aside the temporary restraining order previously granted. He also at the same time refused to grant the temporary injunction prayed for by the Whaley Farm Corporation. Immediately thereafter, on the same day, the Whaley Farm Corporation perfected an appeal to this court by filing a cost bond. Bieloh did not appeal from the order dissolving the temporary injunction theretofore granted upon his application; but on the day following he filed an amended original petition alleging substantially the same facts stated in his original application. That amended petition was presented to the district judge on July 31, who in chambers granted a temporary mandatory injunction commanding Geo. S. Leachman and the Whaley Farm Corporation to immediately remove all fences and other obstructions from the road in controversy, and restraining them from placing further obstructions on said road or in any manner interfering with the lawful use of it by Bieloh until the final hearing of the cause. On August 2 the Whaley Farm Corporation filed in this court its original application setting forth the foregoing facts and asking for a writ restraining the Honorable Hugh Carney as district judge from enforcing the order above referred to, and restraining John Bieloh from committing any further trespasses upon the Whaley land during the pendency of the appeal to this court.

The application for the restraining order here sought is based upon the ground that the temporary writ granted by the trial judge on the amended application of Bieloh was an interference with the appellate jurisdiction of this court. It is apparently conceded by counsel for respondent Bieloh that, if the issuance of that writ is an interference with the appellate jurisdiction of this court, the order was unauthorized, and its enforcement may be restrained in this proceeding. That proposition is so well settled that it is unnecessary to refer to the decisions. Counsel

for Bieloh contend, however, that the issuance of that order was not an encroachment upon the jurisdiction of this court; and that contention presents the only controverted issue involved in this proceeding.

■ It is undisputed that the complainant, Whaley Farm Corporation, had perfected its appeal to this court from the order of the trial judge refusing its application for the temporary restraining order before the temporary writ prayed for in respondents' amended petition was acted upon. The perfection of the appeal transferred the entire controversy to this court, and the district judge had no authority to make any order disturbing the legal status of the parties then existing. The question before us is, Did the granting of the last order disturb that status? We are of the opinion that it did.

■ The controlling question presented in the trial court by the pleadings of both parties was, Is the road crossing the Whaley land, and which Bieloh desired to use, a public highway which could not lawfully be obstructed without the consent of the adjacent property owners? If it was such highway, then upon a final hearing Bieloh was entitled to the relief which he sought. But, if it was not he could not lawfully claim the right to use it over the objection of the complainant, Whaley Farm Corporation, nor could he lawfully remove the fences which the latter had erected across the road. A determination of that issue upon a trial would be decisive of the suits of both parties to this controversy. When the trial judge refused to grant either party a temporary restraining order upon their respective applications, he left them just where they were when the litigation began. Bieloh's application for the injunction was based upon charges that the road had been unlawfully obstructed by the complainant. Complainant's application was based upon the charge that its fences had been unlawfully removed by Bieloh or by his agents. The last order commanding the complainant to remove his fences and restraining it from erecting other obstructions across the road was clearly a disturbance of the status existing at the time the appeal was perfected.

We conclude that, in order to protect the jurisdiction of this court pending the appeal by the complainant from the refusal of the trial judge to grant the temporary restraining order prayed for, the writ here applied for should be granted. The order, however, will be limited to the restriction of the enforcement of the temporary order granted by the trial judge on the amended application of the respondent Bieloh after the appeal to this court had been perfected by the complainant.