WICHITA FALLS & SOUTHERN RAILROAD COMPANY V.
HONORABLE ATWOOD MCDONALD, CHIEF JUSTICE ET AL.

No. 8127.  Decided October 20, 1943.
Rehearing overruled November 17, 1943.
(174 S. W., 2d Series, 951.)

*Leslie Humphrey* and *G. C. McDermott*, both of Wichita Falls, and *Conner & Conner* and *Earl Conner, Sr.*, all of Eastland, for relator.

*Hill & Paddock* and *Massingill & Belew*, all of Fort Worth, for the Gillette Motor Transport Company.

*Buck & Kemble*, of Fort Worth, for Whitfield.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

This is an original mandamus proceeding brought in this Court to require the Court of Civil Appeals to certify to this Court certain questions of law involved in the case of Gillette Motor Transport Company v. Wichita Falls & Southern Railroad Company.

On July 8, 1942, the trial court overruled defendant's plea of privilege to be sued in the county of its residence. The defendant did not file a motion for new trial, nor did it prosecute an appeal from such ruling. Thereafter, on November 16, 1942, the defendant orally represented his plea of privilege and the court sustained the same and ordered the suit transferred as therein requested. The plaintiff prosecuted an appeal from that ruling. The Court of Civil Appeals reversed the judgment of the lower court and held that the order of date November 16, 1942, sustaining the plea of privilege, was void. 170 S. W. (2d) 629.

We granted leave to file the petition for writ of mandamus because we were of the opinion that the holding of the Court of Civil Appeals was in conflict with the holding of the Court of Civil Appeals at Dallas in the case of Duncan v. Glasscock, 118 S. W. (2d) 658.

The suit was brought in the Forty-eight District Court of Tarrant County. That court has four terms each year, beginning on the first Mondays in February, May, August, and November, respectively. All the civil courts of that county have successive terms throughout the year, with not more than two days intervening between any of such terms, and consequently the procedure therein is subject to the provisions of Rule 330. Sections (j) and (1) of said rule are as follows:

"j. *Motion for New Trial.*—A motion for new trial filed during one term of court may be heard and acted on at the next term of court. If a case or other matter is on trial or in process of hearing when the term of court expires, such trial, hearing or other matter may be proceeded with at the next term of the court. No motion for new trial or other motion or plea shall be considered as waived or overruled, because not acted on at the term of court at which it was filed, but may be acted on at the succeeding term or at any time which the judge may fix or to which it may have been postponed or continued by agreement of the parties with leave of the court. All motions and amended motions for new trials must be presented within thirty (30) days after the original motion or amended motion is filed and must be determined within not exceeding forty-five (45) days after the original or amended motion is filed, unless by written agreement of the parties in the case, the decision of the motion is postponed to a later date."

"(1) *Judgments Final, When.*—Judgments of such civil district courts shall become as final after the expiration of 30 days

after the date of judgment or after a motion for a new trial is overruled as if the term of court had expired. After the expiration of thirty days from the date the judgment is rendered or motion for new trial is overruled, the judgment cannot be set aside except by bill of review for sufficient cause, filed within the time allowed by law for the filing of bills of review in other district courts."

Ordinarily the ruling of the court on an interlocutory matter made at one term may be set aside or altered at a subsequent term of court, provided the case has not been previously disposed of on its merits. Texas Land & Loan Co. v. Winter, 93 Texas 560, 67 S. W. 39; Kuehn v. Kuehn (Com. App.), 242 S. W. 719.

The sustaining or overruling of a plea of privilege is an interlocutory order in some respects—that is, it does not constitute a final disposition of the suit on its merits. Magouirk v. Williams (Com. App.), 249 S. W. 185, 186; Perkins v. Texas Bank & Trust Co. (Com. App.) 249 S. W. 186, 187; Izaguirre v. Evans (Com. App.), 249 S. W. 187, 188.

However, it appears to be well settled under the rules and decisions of this State that a ruling on a plea of privilege is treated as final in so far as it disposes of the issue as to the venue of the case. In this connection it will be noted that the rules provide for a separate hearing on the issues raised by the plea of privilege and controverting affidavit. Rule 87. They further provide that an appeal from the order or judgment of the court thereon may be prosecuted by either party. The appeal must be perfected within twenty days after the rendition of the order appealed from. In the event the plea of privilege is sustained and the case ordered transferred to another county, such appeal suspends the enforcement of the order. Rule 385. A failure to appeal from the order entered on the plea of privilege at the term of court at which such order was made and entered in a waiver of any right to thereafter complain of the same. Smith Bros. Grain Co. v. Windsor & Stanley (Com. App.), 255 S. W. 158. Such an order from which no appeal has been prosecuted has a sufficient element of finality to support a plea of res judicata. Old v. Clark (Civ. App.), 271 S. W. 183; Hewitt v. DeLeon (Civ. App.), 5 S. W. (2d) 236; Scott v. Clark (Civ. App.), 38 S. W. (2d) 382, par. 6; Roach v. Trinity Universal Ins Co. (Civ. App.), 119 S. W. (2d) 127; See also First National Bank v. Hannay, 123 Texas 203, 67 S. W. (2d) 215. It has also been held that an order overruling a plea of privilege entered at one term is not subject to review by motion to reconsider filed

at subsequent term. United Brothers of Friendship of Texas v. Wilson (Civ. App.), 53 S. W. (2d) 95; Pass v. Ray (Civ. App.), 44 S. W. (2d) 470.

■ From the above, we think it is clear that it is the policy of our law that an interlocutory order of court overruling a plea of privilege shall become final in so far as the venue question is concerned, within the same time and under the same circumstances that a judgment on the merits of the case would become final. (In this connection, it should be noted that under the amendment to Rule 385, effective December 31, 1943, a motion for new trial may not be filed in a venue case.)

■ Rule 330, above referred to, does not undertake to extend the term of any court as provided for in Revised Statutes, Article 199, but it does fix the time when judgments rendered by courts having consecutive terms shall become final. Under Section (1) of such rule such judgments, where no motion for new trial is filed, become final thirty days after they are rendered. Under these circumstances the order of date July 8, 1942, overruling the plea of privilege, became final thirty days after its rendition, and the trial court was thereafter without jurisdiction to set the same aside, except by a bill of review.

The Court of Civil Appeals properly held that the trial court was, on November 16, 1942, without jurisdiction to set aside its previous order of date July 8th, sustaining the plea of privilege. This is the only question which the Railroad Company requested the Court of Civil Appeals to certify to this Court, and since the Court of Civil Appeals correctly decided that issue, the partition for writ of mandamus will be denied.

Opinion delivered October 20, 1943.

Rehearing overruled November 17, 1943.