INLAND REFINING COMPANY V. HOWARD W. ROBINSON.

No. A-3965. Decided April 1, 1953.
Rehearing overruled May 6, 1953.
(256 S. W. 2d Series 843)

*Ed Roy Simmons,* of Teague, for petitioner.

*Lawrence & Lawrence and Lee Lawrence,* all of Tyler, for respondent.

MR. JUSTICE CULVER delivered the opinion of the Court.

■ This case is before us both as to venue and on the merits. Trial was had in the District Court of Anderson County (a court having continuous terms). Respondent, Robinson, filed a plea of privilege which was heard and overruled on November 13, 1951, during the July term of the court. The case was tried on its merits February 28, 1952, during the December term and judgment was rendered for petitioner against respondent in the amount prayed for. No appeal from the order overruling the plea of privilege was taken for more than thirty days after the same was entered. The order, therefore, became final and the cout thereafter was without jurisdiction to set it aside except by bill of review. R.C.P. 330; Wichita Falls & S. R. Co. v. McDonald, 141 Texas 555, 174 S. W. 2d 951. The Court of Civil Appeals erred, therefore, in sustaining the plea and ordering the transfer of the case.

The petitioner alleged that it sold to respondent products at various times with the understanding and agreement that after delivering the products and copies of the manifest on the same, drafts would be drawn on respondent for the amount due which would be payable on demand. On failure of respondent to honor these drafts petitioner brings this suit on the theory that under these circumstances the respondent had become bound and obligated to pay the drafts as drawn. The only witness was the general manager of petitioner company, who identified the drafts and testified that they were returned by the bank unpaid. The only testimony given by him as to the agreement on the draft is:

"Q. Did Mr. Robinson specifically instruct you to draw draft on him in payment of these products?

"A. That is what he did. That is the way we always did."

■ We think this amounted to little more than a promise to pay. The manifests or invoices were not introduced in evidence nor was there any proof showing what products were delivered or their value. For a draft to become a negotiable instrument it must have been accepted in writing. Section 127, Negotiable

Instruments Act, Article 5940, Vernon's Civil Statutes; 8 Am. Jur., Sections 870, 871. The proof, therefore, failed to support the judgment of the trial court.

The judgment of the Court of Civil Appeals (253 S. W. 2d. 80), is reversed in so far as its ruling on the plea of privilege is concerned and affirmed as to the merits of the case. The cause is therefore remanded to the District Court of Anderson County, Texas, for trial on its merits.

Opinion delivered April 1, 1953.

Rehearing overruled May 6, 1953.