**BERGMAN v. WEST.**

No. 3120.

Court of Civil Appeals of Texas.

Waco.

Nov. 12, 1953.

V. A. Collins, Livingston, Brad Pickett, Liberty, for appellant.

Thos. J. Hightower, Liberty, Jeff Cochran, Cleveland, for appellee.

McDONALD, Chief Justice.

Appellant as plaintiff obtained a judgment on the verdict of a jury in the Trial Court. Appellee (defendant) filed a Motion for a New Trial. The Trial Court refused to hear said motion, taking the position that it came too late and had been overruled by operation of law. Appellee excepted to the Court's ruling and gave notice of appeal on the same day, and on the following day filed and had approved his appeal bond, thus perfecting his appeal. Ten days thereafter, but still within the term of court, the Trial Judge concluded that appellee's Motion for New Trial was not too late, and by decree set aside the previous order refusing to hear same. Thereafter the Motion for New Trial was heard and granted —and it is from the order granting the appellee a new trial that appellant prosecutes this appeal.

Appellant contends that when the notice of appeal was given, and the appeal bond

was filed and approved, that under Rule 363, Texas Rules of Civil Procedure, the appeal was perfected and that the cause was removed from the Trial Court to the Court of Civil Appeals—and that the Trial Court was without jurisdiction to later set aside its former order or to grant the new trial.

The sole question before this court for determination is whether a Trial Court can, after a party has given notice of appeal, and filed and had approved his appeal bond, assume jurisdiction of the case and grant a new trial.

Rule 363 says: *"The appeal is perfected when the notice of appeal is given and the bond * * * has been filed"*.

It is appellant's earnest contention that it is the operation of the above rule upon compliance therewith, that the appeal is perfected, and that the Trial Court loses *all* jurisdiction whatsoever over the case—and that jurisdiction to take *any* action is lodged solely in the appellate court. Appellant further contends that a court can make *no* valid order after it is divested of jurisdiction; and that *all* action or relief of every character must come from the appellate court in which jurisdiction of the case has vested.

The contention that an appeal is perfected by giving notice of appeal and the filing of the appeal bond required by law —and that when this has been done the Trial Court eo instanti, loses, and the appellate court acquires, jurisdiction, is correct as an abstract proposition—however, we must examine other principles of the jurisprudence of this state—and determine whether or not their application engrafts any alteration to the above abstract principles.

■ It is the established law of Texas that there is no appeal from an order granting a new trial, either on motion of a party or on the court's own motion, if such order be entered in term time or within the time allowed by law for granting a motion for new trial—and the fact that the adverse party has perfected his appeal by giving notice and filing bond will not defeat the Trial Court of this jurisdiction. Further, an order granting a new trial is not a final judgment such as may be appealed from under any circumstances. Citizens' Nat. Bank v. E. V. Graham & Co., Tex.Civ.App., 25 S.W.2d 636; M. W. Fruit Co. v. Bierbauer, Tex.Civ.App., 216 S.W.2d 831; Equitable Life Assurance Society of the U. S. v. Murdock, Tex.Civ.App., 219 S.W.2d 159.

■ It is likewise the established law of Texas, that courts have control over their judgments until they become final by operation of law. During the period prior to the time the judgment becomes final the court has power over it and may, upon its own motion or motion of a party, vacate, modify, correct or reform the same, or grant a new trial. Glasscock v. Bryant, Tex.Civ.App., 185 S.W.2d 595; Cheswick v. Moorhead, Tex.Civ.App., 224 S.W.2d 898; Gage v. Dallas Power & Light Co., Tex.Civ.App., 241 S.W.2d 196.

The recent case of Cude v. Sanderson, Tex.Civ.App., 235 S.W.2d 927, 928, passed on the identical question involved in this appeal. In that case a motion was filed to dismiss an appeal on the grounds that *subsequent to the filing of the appeal bond,* the Trial Court granted a motion for new trial and set aside the judgment appealed from. The court, in granting the motion to dismiss the appeal, said: *"The rule that the 'perfection of an appeal transfers the entire controversy to the appellate court and clothes it with plenary exclusive jurisdiction over the entire controversy, both as to the parties and the subject matter,' is subject 'to the power of the trial court to modify or set aside its judgment before adjournment of the term.'"*

■ In the case at bar the term had not expired when the Motion for New Trial was granted by the court. The Trial Court was therefore acting within its jurisdiction and authority in granting the new trial, despite the fact that an appeal had been perfected under Rule 363, TRCP.

Accordingly, appellant's appeal herein is dismissed.