**E. E. DAVIS, Appellant,**

**v.**

**T. H. CAMPBELL et al., Appellees.**

**No. 6841.**

Court of Civil Appeals of Texas.

Amarillo.

Dec. 22, 1958.

Herbert C. Martin, Amarillo, for appellant.

Lumpkin & Watson and Harold D. Sanderson, Amarillo, for appellees.

PITTS, Chief Justice.

This is an appeal from a second judgment subsequently entered upon a plea of privilege action, which arose out of a primary suit filed by appellant herein, E. E. Davis, against appellees herein, T. H. Campbell, T. W. LaRoe and First State Bank of Happy, Texas, with T. H. Campbell as president thereof, seeking recovery of $4,000 allegedly deposited by appellant as earnest money or as a good faith deposit with First State Bank of Happy and T. H. Campbell as a stake holder in connection with a real estate transaction being then negotiated between appellant and T. W. LaRoe. Appellant seeks such recovery

upon the alleged grounds in effect that through no fault of his the real estate transaction was never consummated and the said money so deposited belongs to him. The three named appellees herein filed a joint plea of privilege seeking to have the primary suit transferred to Swisher County, Texas, where T. W. LaRoe resides and where the said bank is located. Appellant herein filed his controverting affidavit and the venue issues alone were heard by the trial court without a jury on May 19, 1958. Thereafter on May 21, 1958, the trial court rendered and entered its judgment overruling the joint plea of privilege of all three party defendants who are now appellees herein and they each immediately thereafter gave separate written notices of appeal but never filed any appeal bond or perfected an appeal.

Thereafter on June 10, 1958, appellees herein, T. H. Campbell and First State Bank of Happy, tendered the said sum of $4,000 to be deposited with the registry of the trial court, which accordingly on the same date ordered such deposit received. Then on June 16, 1958, all of the said named party defendants in the primary suit who are appellees herein filed with the clerk of the trial court and called the trial court's attention to a pleading they denominated as a "Renewed Plea of Privilege." On the same date the trial court acknowledged in writing the filing of the "Renewed Plea of Privilege" by the said parties and further therein recited that:

"* * * the Court being of the opinion that a hearing should be had thereon enters the following order:

"It is, therefore, ordered and decreed by this Court that the 27th day of June, A.D. 1958, at 3 o'clock P.M. will be the time for hearing of the plea of privilege above mentioned."

Thereafter on June 24, 1958, appellant herein moved in writing to strike the purported renewed plea of privilege for the reason the venue issues had already been previously and finally determined and further action was precluded by reason of the rule of res adjudicata. Thereafter on June 27, 1958, the trial court heard the "Renewed Plea of Privilege" and considered it, along with appellant's controverting affidavit previously filed, heard and sustained by a former judgment, after which on July 14, 1958, the trial court rendered and entered its second judgment attempting to withdraw and set aside its former judgment duly entered on May 21, 1958, and to sustain the Renewed Plea of Privilege filed by the party defendants in the primary suit who are appellees herein and thereby entered its order to transfer the case to Swisher County, Texas, from which latter order appellant, E. E. Davis, perfected his appeal charging that the second order or judgment of the court was entered contrary to the law and the rules of procedure governing such matters and is therefore void.

The powers, duties and authority of a Texas district court are governed by laws and rules of procedure just as the powers, duties and authority of a Texas appellate court are. The terms of the 47th Judicial District Court of Texas are continuous. Article 199, Vernon's Ann Civ.St. In district courts having continuous terms a judgment rendered and entered shall become final after the expiration of 30 days from the date such judgment was rendered. Rule 329–b, T.R.C.P. In the case at bar the trial court rendered judgment on May 21, 1958, overruling the plea of privilege. Such judgment was entered in the court minutes without any attempt to disturb it for a period of more than 30 days, thus making it a final judgment. Thereafter on June 27, 1958 (37 days after it had entered judgment in the case overruling the plea of privilege and 7 days after such judgment had become final), the trial court heard the "Renewed Plea of Privilege," a pleading we have failed to find recognized either in the legal practice or in the rules of procedure, but the same was sustained by the trial court in a second judgment entered on July 14, 1958, after it had attempted to set

aside its former judgment rendered and entered on May 21, 1958, 54 days previously, which former judgment became final 24 days before the trial court sought to set it aside and enter a second judgment in lieu thereof.

■ An appeal from a plea of privilege is an appeal from an interlocutory order, from which an appeal must be perfected, if at all, within 20 days from date of order. Rule 385, Sec. (a). Appellees herein admittedly did not attempt to perfect an appeal from the first judgment entered by the trial court, although they each gave notice of appeal. While appellees herein do not contend that their pleading denominated as a "Renewed Plea of Privilege" constituted a motion for a new trial, it could not have been such since in all appeals from interlocutory orders there shall be no motion for new trial. Rule 385(e). However, in any event it came too late to be considered as a motion for a new trial since such pleading was filed on June 16, 1958, some 26 days after judgment had been entered, whereas a motion for new trial in a case authorizing such must be filed within 10 days from the date of the judgment. Rule 329–b, Sec. 1; Texas Livestock Marketing Ass'n v. Rogers, Tex.Civ.App., 244 S.W.2d 859.

■ It has been held that where defendant excepted to an order of the trial court overruling a plea of privilege and gave notice of appeal, but did not file an appeal bond or file a transcript or statement of facts in the appellate court, which is shown to be the very situation we have in the case at bar, and more than 30 days after the judgment had been entered, the trial court's attempt to sustain a motion of defendant to set aside its former order and transfer the case to another county was not valid but the former order overruling the plea of privilege became final. Gillette Motor Transport Co. v. Wichita Falls & Southern R. Co., Tex.Civ.App., 170 S.W.2d 629. Such was in effect the very thing the trial

court sought to do in the case at bar, which attempt under the above authority was not valid.

In the case of Wichita Falls & S. R. Co. v. McDonald, 141 Tex. 555, 174 S.W.2d 951, 952, the Supreme Court said in part:

"A failure to appeal from the order entered on the plea of privilege at the term of court at which such order was made and entered is a waiver of any right to thereafter complain of the same. Smith Bros. Grain Co. v. Windsor & Stanley, Tex.Com.App., 255 S.W. 158. Such an order from which no appeal has been prosecuted has a sufficient element of finality to support a plea of res judicata. Old v. Clark, Tex.Civ. App., 271 S.W. 183; Hewitt v. De Leon, Tex.Civ.App., 5 S.W.2d 236; Scott v. Clark, Tex.Civ.App., 38 S.W. 2d 382, par. 6; Roach v. Trinity Universal Ins. Co., Tex.Civ.App., 119 S.W. 2d 127; See also First National Bank v. Hannay, 123 Tex. 203, 67 S.W.2d 215. It has also been held that an order overruling a plea of privilege entered at one term is not subject to review by motion to reconsider filed at a subsequent term. United Brothers of Friendship of Texas v. Wilson, Tex. Civ.App., 53 S.W.2d 95; Pass v. Ray, Tex.Civ.App., 44 S.W.2d 470.

"From the above, we think it is clear that it is the policy of our law that an interlocutory order of court overruling a plea of privilege shall become final in so far as the venue question is concerned, within the same time and under the same circumstances that a judgment on the merits of the case would become final."

The Supreme Court likewise said in the case of Inland Refining Co. v. Robinson, 152 Tex. 289, 256 S.W.2d 843, 844, that:

"No appeal from the order overruling the plea of privilege was taken for more than thirty days after the same was entered. The order, therefore, be-

came final and the court thereafter was without jurisdiction to set it aside except by bill of review. R.C.P. rule 330; Wichita Falls & S. R. Co. v. McDonald, 141 Tex. 555, 174 S.W.2d 951."

It is admitted in the case at bar that no bill of review question is here involved.

In the case of Williams v. Pitts, 151 Tex. 408, 251 S.W.2d 148, 149, the actions of this court were sustained in a venue case. The court there said in part:

"As noted above, the District Court of Hemphill County is a successive-term court. Vernon's Ann.Civ.Stats., Art. 199. Under Rule 330 judgments in such courts become final thirty days after their rendition just as if the term had expired. That rule is construed to mean that in such courts the term ends as to a particular case thirty days after judgment is rendered. Dallas Storage & Warehouse Co. v. Taylor, 124 Tex. 315, 77 S.W.2d 1031; Insurors Indemnity & Ins. Co. v. Associated Indemnity Corp., 139 Tex. 286, 162 S.W.2d 666. As applied to an interlocutory order overruling a plea of privilege it is held that same becomes final, so far as venue is concerned, thirty days after the rendition of the judgment sustaining or overruling such plea. Wichita Falls & S. R. Co. v. McDonald, 141 Tex. 555, 174 S.W.2d 951."

Based upon the foregoing and other authorities, it is our opinion that the trial court's first judgment rendered on May 21, 1958, became final 30 days after it was rendered and the trial court was without authority to thereafter change it or set it aside.

■ Appellees contend that the order entered by the trial court on June 16, 1958, setting a hearing for the Renewed Plea of Privilege on June 27, 1958, was intended "to apprise the parties that the court was going to take additional action in the case." We find no such intention expressed in the trial court's said order other than to hear the matter but assuming it did have in mind taking additional action, appellant herein had every right to believe that any action taken there would in no way contravene or be in conflict with the rules of procedure and the law governing such matters. Appellees further contend that "At the hearing held on June 27, 1958, the trial court uttered its intention of changing its previous finding whereby it overruled the plea of privilege," but we find nothing in the record to support such a contention made by appellees. Assuming, however, that the trial court did indicate on June 27, 1958, its intention to change its previous judgment entered on May 21, 1958, the 30 day period had already expired on June 27, 1958, thus making the said judgment final, and the trial court had then lost its jurisdiction to change the said judgment in any way. Under the record presented there is nothing shown to indicate that the trial court in any way sought to disturb its previous judgment entered on May 21, 1958, overruling the plea of privilege until it sought to set the judgment aside on July 14, 1958, which was 54 days after the previous judgment had been entered and 24 days after the same had become final.

■ Appellees seem to contend further that the trial court has "plenary powers" over its former judgment and therefore had authority on July 14, 1958, to change it. A trial court ordinarily does have plenary powers over its judgments during a term at which such judgments were rendered and the authority cited by appellees in support of their contentions here made so holds, but in the case at bar and under the authorities herein cited the term of court at which the trial court entered its previous judgment on May 21, 1958, had already expired in so far as that case was concerned when the trial court made an attempt to set it aside.

For the reasons stated the second judgment entered in this cause by the trial court on July 14, 1958, is hereby declared and adjudged to be null and void and of no force and effect for want of authority to enter

it, leaving the previous judgment of date May 21, 1958, overruling the plea of privilege a valid and binding judgment upon the parties to this suit. Reversed and rendered.