**J. E. HANCOCK, Appellant,**

v.

**W. E. GATHRIGHT, Appellee.**

**No. 4872.**

Court of Civil Appeals of Texas, Waco.

Feb. 19, 1970.

Smith & Baker, Lubbock, for appellant.

Dawson & Dawson, Corsicana, for appellee.

## OPINION

HALL, Justice.

The appellant was defendant in the trial court. He appeals from an order reinstating this case after it had been dismissed for want of prosecution.

Plaintiff's original petition was filed on August 18, 1967. Judgment was rendered dismissing the case on July 14, 1969. A written order evidencing the judgment of dismissal was filed with the clerk on July 24, 1969. It recited that the plaintiff failed to appear at a setting on July 14th and prosecute his suit.

On August 7, 1969, plaintiff filed a motion to reinstate. Defendant answered the motion on August 13th. Plaintiff filed a sworn amended motion to reinstate on August 28th. The court granted the amended motion, and the case was ordered reinstated, on September 3rd.

It is the defendant's position that the order of reinstatement was made after the court had lost jurisdiction of the case, and is therefore void. Plaintiff tacitly concedes that defendant's argument is correct, unless, as contended by plaintiff, the amended motion to reinstate suffices as an equitable bill of review. Defendant asserts that the amended motion is lacking in averments necessary for a bill of review; and, further, that it was not treated as a bill of review in the trial court and should not be so considered on appeal.

■ A judgment of dismissal is final for the purposes of an appeal; and a motion to reinstate after dismissal is usually accorded the legal effect of a motion for new trial. Green v. Green (Tex.Com. App., 1926), 288 S.W. 406, 407; Dollert v. Pratt-Hewit Oil Corporation (Tex.Civ. App., 1944, writ refused), 179 S.W.2d 346, 348; Drawe v. McGuffin (Tex.Civ.App., no writ hist.), 355 S.W.2d 738.

Plaintiff's amended motion to reinstate alleges that his original attorney withdrew from the case in May, 1969; that soon thereafter he began negotiating with a law firm for representation; that the trial court was apprised of this negotiation at a setting (which was passed) in June, and "indicated" to plaintiff that "meanwhile" the court's records would show that the firm was representing plaintiff; that the July 14th setting was "apparently" made at the defendant's request; that neither plaintiff nor the firm knew of the setting; that the member of the firm with whom he was dealing was on vacation from July 11th until August 4th; that plaintiff had relied completely in the matter on the firm; that upon discovering the dismissal he acted with due diligence to have the case reinstated; and that he has a meritorious cause of action, as set forth in his pleadings. The motion contains a prayer for reinstatement.

■ We agree with defendant that the allegations contained in the amended motion are not sufficient to satisfy the requirements of a bill of review. To constitute a bill of review it was necessary that the motion allege (1) facts which show that the plaintiff has a meritorious cause of action; (2) which he was prevented from prosecuting through fraud, accident, or wrongful acts of the defendant; (3) unmixed with any fault or negligence of his own. Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996; Hanks v. Rosser (Tex.Sup., 1964), 378 S.W.2d 31, 34; Gracey v. West (Tex.Sup., 1968), 422 S.W.2d 913, 915.

■ Moreover, the record clearly shows that the plaintiff's motion was not considered to be nor treated as a bill of review by either party or the court. Therefore, for this reason, it should not be so considered by us. Green v. Green (Tex. Com.App., 1926), 288 S.W. 406, 407; Texas State Board of Examiners in Optometry v. Lane (Tex.Civ.App., 1960, writ refused), 337 S.W.2d 801, 805.

A proceeding by bill of review is a new and independent cause of action. Ordi-

narily, it is docketed and numbered and tried as such. 34 T.J.2d 20, 22, Judgments, Sec. 188. In it, the issues of negligence or fault of the petitioner, and fraud, accident or wrongful act of the opposite party, and meritorious cause of action or defense, "are tried together in a single full-blown trial" in which "every issue must be disposed of, and relief denied or granted." Ivy v. Carrell (Tex.Sup., 1966), 407 S.W. 2d 212, 214.

In this case, the plaintiff's motion was filed as a part of the original suit. The only relief sought, and granted, was reinstatement. In truth, when filed and when presented to the trial court, the motion was not intended by plaintiff as a bill of review, but only as a proceeding for new trial.

Subd. 5, Rule 329b, Texas Rules of Civil Procedure, contains the following provisions:

"Judgments shall become final after the expiration of thirty (30) days after the date of rendition of judgment or order overruling an original or amended motion for new trial. After the expiration of thirty (30) days from the date the judgment is rendered or motion for new trial is overruled, the judgment cannot be set aside except by bill of review for sufficient cause * * *. The filing of a motion for new trial after ten (10) days have expired and before thirty (30) days have expired since the rendition of the judgment shall not operate to extend the court's jurisdiction over the judgment for a period of more than thirty days from the date of the rendition of judgment."

Plaintiff's motion to reinstate was filed more than ten days after the judgment of dismissal was rendered; thus, it did not operate to extend the court's jurisdiction over the judgment for a period of more than thirty days from the date of rendition. Hence, the court was without jurisdiction to render the order of reinstatement on September 3, 1969, and the order is void.

Appellant's remaining contentions are without merit and are overruled.

The judgment ordering reinstatement is reversed and set aside, and this cause is remanded with instructions to strike it from the docket.