ELI LILLY AND COMPANY, Appellant,

v.

Roy CASEY, Appellee.

No. 4350.

Court of Civil Appeals of Texas, Eastland.

May 8, 1970.

Rehearing Denied June 5, 1970.

Concurring Opinion June 19, 1970.

------◆------

McMahon, Smart, Sprain, Wilson & Camp, Stanley Wilson, Abilene, Oden & Hardie, Barney Oden, Jr., El Paso, for appellant.

George Leonard, Jr., Wagstaff, Alvis, Alvis, Cochran & Leonard, Abilene, for appellee.

GRISSOM, Chief Justice.

Roy Casey sued Eli Lilly and Company in Haskell County for damages. He alleged he purchased Treflan which had been manufactured and placed in commerce by defendant; that Treflan was advertised as a product which, when applied to cotton land, prevented weeds, grass, and the like, from getting into cotton; that it did not prevent such growth in his cotton but stunted his cotton; that defendant breached its implied warranty of fitness or merchantability and plaintiff was damaged as a result of using Treflan in accordance with defendant's instructions. The defendant, a foreign corporation, filed a plea of privilege to be sued in the county of its residence. The plea was controverted. At the conclusion of a hearing on the venue issues, the court rendered judgment, on July 15, 1969, over- ruling defendant's plea of privilege. The defendant excepted and gave notice of appeal. An appeal bond was filed and approved on August 1, 1969. The transcript and statement of facts were filed in this court on August 14, 1969, and, after timely obtaining an extension of time, defendant filed its briefs in this court on October 6, 1969.

The principal complaint about the judgment presented in appellant's original brief was that there was no evidence connecting it with the manufacture or sale of Treflan. After the appeal had been perfected and appellant's briefs had been filed, on October 16, 1969, plaintiff filed in the trial court a motion to reopen the evidence, and on October 22nd, plaintiff filed a motion to supplement the statement of facts and transcript to show said motions, that they were granted and to show the additional evidence introduced. On November 21st, 1969, the trial court granted plaintiff's said motions. On January 2, 1970, the supplemental transcript and statement of facts were filed in this court. The new evidence consisted of the deposition of defendant wherein it admitted that it made and sold Treflan. This was not introduced on the trial.

Supplemental briefs have been filed. The issue presented thereby is whether the trial court erred in reopening the evidence and permitting such proof of facts essential to support its judgment overruling the plea of privilege. Stated differently, could the trial court at said time and under said circumstances permit introduction of such evidence to show that plaintiff has a cause of action against the defendant which arose in Haskell County and thus authorize the conclusion that venue lies in Haskell County under exception 23 or 27 of Article 1995. See Lloyds Casualty Insurer v. McCrary, 149 Tex. 172, 229 S.W.2d 605, 606.

Plaintiff relies upon the provision in Texas R.C.P. 270 that *"At any time the*

court may permit additional evidence to be offered where it clearly appears to be necessary to the due administration of justice. Provided in a jury case no evidence on a controversial matter shall be received after the verdict of the jury." (Emphasis ours). This case was tried by the court and, if the words "at any time" may be construed literally, the court in its discretion could at said late date reopen the evidence and permit introduction of said essential testimony. The corresponding statute, which was repealed by the rules in 1939, was Article 2181. It provided that "At any time before the conclusion of the argument the court may permit additional evidence to be offered to supply an omission where it clearly appears to be necessary to the due administration of justice."

In Republic National Bank of Dallas v. Fredericks, 155 Tex. 79, 283 S.W.2d 39, 48, a pertinent inventory and appraisement was not offered on the trial but four months after final judgment and three months after the record had been filed in the Court of Civil Appeals it was offered under Rule 270. The trial court refused to admit it, but it was sent to the Court of Civil Appeals in a supplemental transcript and that court considered it and, in part, based its judgment thereon. Consideration of such new evidence was held to be error. The Supreme Court did say that Rule 270 vests trial courts with discretion but that it found no abuse of discretion by the trial court's refusal to reopen the evidence and admit the inventory and appraisement at said time. It was long the rule that in a trial by the court additional evidence could be admitted at any time before it rendered judgment. In the State of Texas v. Harrington, 407 S.W.2d 467, 479, our Supreme Court held that introduction of deposition testimony that after the verdict had been received and the jury discharged, the drilling period was 16 days was not error because it had been conclusively established on the trial that the drilling period was 16 days and, therefore, such evidence was relative to a non-controversial matter and there was

no evidence introduced after the verdict which raised a material issue of fact. In Texas Employers' Insurance Ass'n. v. Elder, 155 Tex. 27, 282 S.W.2d 371, 375, Ethel Elder, as the surviving common law wife of a deceased employee recovered judgment for death benefits under the Workmen's Compensation Law. After affirmance of that judgment by the Court of Civil Appeals, the insurer filed in the trial court a motion for leave to present additional evidence to the effect that Ethel had never been divorced from a prior husband and therefore could not recover as the widow of the deceased. The trial court held that such testimony could not be considered. That point was presented to the Supreme Court. The insurance company claimed the right to have considered by virtue of Rule 270. The Supreme Court said (282 S.W.2d at page 375) that the trial court did not err in refusing to consider that material evidence, which, if believed, would have required a different judgment for it had "lost jurisdiction of the case," and that while the rule does provide that the court may "at any time" permit additional evidence to be offered, such language should not be construed to mean that new evidence could be considered by the trial court "after the judgment had been affirmed by the Court of Civil Appeals." By virtue of the last statement appellee Casey contends the trial court had jurisdiction to hear such evidence and take said action at any time before the judgment of this court becomes final. We think it is not subject to that interpretation. The facts in that case were that the motion to reopen the evidence in the trial court was presented after the judgment had been affirmed by the Court of Civil Appeals and those were, necessarily, the facts the court was discussing when it made the statement relied upon by appellee. Most of the cases which could be considered as in any way supporting appellee's contention are not cases in which the court at a similarly late date permitted introduction of new evidence but are cases in which the court refused to reopen the evidence and it was merely held that the

court did not abuse its discretion by such refusal.

 It is generally held that perfection of an appeal transfers the entire controversy to the appellate court and clothes it with exclusive jurisdiction over the entire controversy, both as to parties and subject matter. The subject matter here is the plea of privilege and the controverting affidavit and the question is the right of Casey, under the evidence introduced, to maintain the suit against Eli Lilly and Company in Haskell County. The fact that the Haskell court still has jurisdiction of the case on its merits is immaterial. It lost jurisdiction of the judgment on the venue issue 30 days after rendition of that judgment. Rule 329b, Sec. 5; McEwen v. Harrison, 162 Tex. 125, 345 S.W. 2d 706. It is established law that under these circumstances a trial court cannot change its judgment. Why then should the trial court be permitted after 30 days from rendition of the judgment, after defendant had perfected its appeal and after this court had acquired jurisdiction to reopen the case and hear new evidence that would authorize a judgment different than was authorized by the evidence introduced on the trial? It has been held that when an application for writ of error has been filed the jurisdiction of the Supreme Court immediately attaches and the Court of Civil Appeals has no authority thereafter to make any further orders in the case. 3 Tex.Jur.2d 598, 599. In this connection, it should be remembered that the judgment appealed from was rendered July 15, 1969, the defendant perfected its appeal by filing an approved bond and filing in this court a transcript and statement of facts on August 14, 1969, and that it timely filed its briefs in which it pointed out the lack of such essential evidence, all of which occurred before the motion to reopen the evidence in the trial court was filed, on October 16, 1969.

In Ammex Warehouse Company v. Archer, 381 S.W.2d 478, 482, our Supreme Court said:

"It is a rule of general application that when an appeal is perfected to the Court of Civil Appeals, the latter Court (subject to the right of the trial court to grant a motion for new trial in term time, Bergman v. West, Tex.Civ.App., 262 S.W. 2d 435, no wr. hist., 1953; Cude v. Sanderson, Tex.Civ.App., 235 S.W.2d 927, no wr. hist., 1951, and absent statutory exception), acquires plenary exclusive jurisdiction over the entire controversy. Thompson v. Kelley, 100 Tex. 536, 101 S.W. 1074 (1907), Whaley Farm Corporation v. Bieloh, Tex.Civ.App., 9 S.W.2d 273, original proceeding (1928), 3 Tex.Jur.2d 598, Appeal and Error— Civil Cases § 340. Similarly, when an application for writ of error is filed in this Court, our jurisdiction which is likewise exclusive in nature, attaches to the cause. Johnson v. Sovereign Camp, W.O.W., 125 Tex. 329, 83 S.W.2d 605 (1935)."

In Davis v. Campbell, Tex.Civ.App., 319 S.W.2d 758, there was a second judgment of the trial court which attempted to set aside the first judgment overruling a plea of privilege and sustain a "renewed" plea of privilege. It was held that when the court first rendered judgment overruling the defendant's plea of privilege that judgment became final 30 days after its rendition and the trial court was without jurisdiction to thereafter change that judgment and that the trial court lost jurisdiction of the case upon the expiration of 30 days. In Wichita Falls & S. R. Co. v. McDonald, 141 Tex. 555, 174 S.W.2d 951, 952, the Supreme Court said that an order overruling a plea of privilege becomes final, so far as the venue issues are concerned, within the same time and under the same circumstances that a judgment on the merits would become final. Our Supreme Court said in Inland Refining Co. v. Robinson, 152 Tex. 289, 256 S.W.2d 843, 844, that "No appeal from the order overruling the plea of privilege was taken for more than thirty days after the same was entered. The order, therefore, became final and the court thereafter was without jurisdiction

to set it aside except by bill of review." In Williams v. Pitts, 151 Tex. 408, 251 S.W. 2d 148, 149, the court said that under Rule 330 judgments of courts having terms of court like the trial court become final thirty days after their rendition, just as if the term had expired. That rule was construed to mean that in such courts the term ends as to a particular case thirty days after the judgment is rendered and that, as applied to an order overruling a plea of privilege, same becomes final, so far as venue is concerned, thirty days after rendition of judgment overruling the plea of privilege. This decision alone should be decisive of the matter. See also Hancock v. Gathright, Tex.Civ.App., 451 S.W.2d 591, 593.

■■ The judgment overruling defendant's plea of privilege became final thirty days after it was rendered on July 15, 1969, and the trial court, even if the judgment had not been appealed from, lost jurisdiction thereof and could not thereafter change the judgment. More than two months before the motion to reopen the evidence was filed in the trial court the defendant perfected its appeal to this court and this court obtained exclusive jurisdiction of the venue controversy. Although the literal meaning of the words used in Rule 270, towit, "at anytime" supports the action of the trial court, we think it was not intended by the rule makers to permit the reopening of evidence and introduction of testimony requisite to sustain a judgment after the trial court had lost jurisdiction and jurisdiction had been acquired by the Court of Civil Appeals. 3 Tex.Jur.2d 598. If appellant's contention is correct, "at any time" could mean after the trial court's, this court's and the Supreme Court's judgments had been rendered such evidence could be presented and, on motion for rehearing, the Supreme Court should hold that the judgments of each of said courts, though correct when rendered, should then be reversed.

■ The evidence introduced upon the trial of the plea of privilege hearing failed to connect the defendant with the product alleged to have damaged the plaintiff. Such proof was essential to support the judgment rendered. There was no evidence thereof. We have held that such essential evidence could not be introduced under Rule 270 at the time and under the circumstances it was offered. Therefore, the judgment overruling the defendant's plea of privilege must be reversed.

■ The defendant-appellant says we should render judgment sustaining the plea of privilege and order transfer of the case. Under the circumstances, it is clearly our duty to remand rather than render judgment. Childre v. Casstevens, 148 Tex. 297, 224 S.W.2d 461; 60 Tex.Jur.2d 173. The judgment is reversed and the cause is remanded.

COLLINGS, Justice (concurring).

I concur with the reversal and remanding of this case. Generally an appellate court has broad discretion as to whether to render or remand the case to the trial court on a reversal of the judgment. A remand is held to be proper where the case has not been fully developed or where the ends of justice will be better served by causing the case to be sent back to the district court for further proceedings. Dahlberg et al. v. Holden, 150 Tex. 179, 238 S.W.2d 699 (1951); Scott v. Liebman, 404 S.W.2d 288 (Sup.Ct.1966); Texas Sling Company v. Emanuel, 431 S.W.2d 538 (Sup.Ct.1968); Morgan v. Box, 449 S.W.2d 499 (Tex.Civ.App., 1969, no writ history). From the record there can be no question that the case was not fully developed in the trial court. The evidence introduced in the trial court failed to connect appellant with the product alleged to have been manufactured and sold to appellee. From the briefs of the parties on this appeal it is apparent that appellant's attorney admitted by deposition that appellant did manufacture and sell the product in question. It is difficult to see how appellant could be unjustly treated by remand-

ing the case and permitting appellee to show such admission. In the interest of justice and to permit the case to be fully developed, the cause is remanded to the trial court for further proceedings.

WALTER, J., joins in the above concurring opinion.