598

Marda Jackie Joiner SHAFER et al., Appellants,

v.

Rita Shafer WILLIS, Appellee.

No. 4836.

Court of Civil Appeals of Texas, Eastland.

Oct. 10, 1975.

L. A. Nelson, Denton, for appellants.

John R. Lively and Carl T. Clarke, Fort Worth (Walker, Bishop & Larimore), Fort Worth, for appellee.

McCLOUD, Chief Justice.

Rita Shafer Willis sued Marada Jackie Joiner Shafer, Davis-Morris Funeral Home, and Eastlawn Memorial Park, alleging defendants wrongfully caused the body of plaintiff's deceased father to be disinterred and removed from a grave in Brown County, and interred in a grave in Eastland County. Shafer filed a plea of privilege which was controverted. Willis failed to appear at the plea of privilege hearing and the court signed and entered an order sustaining Shafer's plea of privilege on January 15, 1975. On March 5, 1975, Willis filed a motion to set aside the January 15, 1975 order. The motion does not contain essential allegations to qualify as a bill of review. On April 21, 1975, the court signed and entered an order setting aside the January 15, 1975 order sustaining Shafer's plea of privilege. Shafer has appealed the April 21, 1975 order.

Shafer contends the order is void because the trial court had no jurisdiction. Willis contends the order is interlocutory and we have no jurisdiction.

The judgment entered by the trial court on January 15, 1975, sustaining the plea of privilege became final thirty days thereafter, and the trial court had no jurisdiction to enter the April 21, 1975 order. Rule 329b(5), T.R.C.P.; *McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706 (1961); *Wichita Falls & S. R. Co. v. McDonald*, 141 Tex. 555, 174 S.W.2d 951 (1943); *Inland Refining Co. v. Robinson*, 152 Tex. 289, 256 S.W.2d 843 (1953); *Davis v. Campbell*, 319 S.W.2d 758 (Tex.Civ.App.—Amarillo 1958, no writ); *Gillette Motor Trans. Co. v. Wichita Falls & South R. Co.*, 170 S.W.2d 629 (Tex.Civ.App.—Fort Worth 1943, no writ); *Eli Lilly and Company v. Casey*, 457 S.W.2d 82 (Tex.Civ.App.—Eastland 1970, no writ).

The April 21, 1975 order which Shafer has appealed is not a final appealable judgment and we have no power to review it by appeal. *Tindall v. Rhodes,* 493 S.W.2d 733 (Tex.1973), and *Banks v. Sada,* 527 S.W.2d 522 (Tex.Civ.App.—San Antonio 1975).

The appeal is dismissed.